Jerome JOHNSON; George Walker, Plaintiffs–Appellants,

v.

Verlin C. HALE, Cheryl Hale, Defendants–Appellees.

No. 90–35614.

United States Court of Appeals, Ninth Circuit.

Submitted June 6, 1991.[*]

Memorandum June 11, 1991.

Order and Opinion Aug. 16, 1991.

[*] The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Andrew M. Small, St. Paul, Minn., for plaintiffs-appellants.

Richard J. Carstensen, Billings, Mont., for defendants-appellees.

Leslie A. Simon, U.S.. Dept. of Justice, Washington, D.C., for amicus.

Before WRIGHT, FARRIS and THOMPSON, Circuit Judges.

## ORDER

The memorandum disposition filed June 11, 1991, is redesignated with slight modifications as a per curiam opinion.

## OPINION

**PER CURIAM:**

Jerome Johnson and George Walker appeal the district court's failure to award them compensatory or punitive damages in their 42 U.S.C. § 1982 housing discrimination action. The district court's refusal to award punitive damages was not clear error; we therefore affirm that portion of the judgment. The district court committed clear error when it refused to award compensatory damages for humiliation and emotional distress. We reverse and remand with the instruction that the district court award plaintiffs an amount which will fairly compensate them for these injuries.

## BACKGROUND

Verlin and Cheryl Hale own rental property in Billings, Montana. In March of 1988, Johnson and Walker, who are both African–American, telephoned Cheryl Hale regarding an advertisement in a local newspaper describing several available rental units. Cheryl Hale invited them to come and view the units. When Johnson and Walker arrived at the Hales' residence, Cheryl Hale told them that her husband would not allow her to rent to "Negro men." Johnson and Walker left and did not speak to either of the Hales again.

## ANALYSIS

Both compensatory and punitive damages are available under section 1982. Compensatory damages may be awarded for humiliation and emotional distress established by testimony or inferred from the circumstances. *Phiffer v. Proud Parrot Motor Hotel, Inc.*, 648 F.2d 548, 552–53 (9th Cir.1980). No evidence of economic loss or medical evidence of mental or physical symptoms stemming from the humiliation need be submitted. *Seaton v. Sky Realty Co.*, 491 F.2d 634, 636 (7th Cir. 1974).

The district court found that the Hales had overtly discriminated against Johnson and Walker by refusing to allow them to rent or inspect the advertised rental units because they were African–American. Both plaintiffs provided detailed and substantial testimony to support their claims that they suffered emotional distress as a result of the Hales' discriminatory acts. Each testified that he was acutely upset by the incident and that it adversely affected his relationships with white people. Johnson and his white girlfriend testified that the incident made Johnson suspect that both his girlfriend and her parents were racist and made him self-conscious around other white people. Walker, too, testified that he began to suspect his white friends of racism. The Hales offered no evidence to rebut this testimony.

Despite this testimony, the district court held that "the circumstances surrounding defendant Mrs. Hale's refusal to rent or negotiate and the testimony presented at trial are insufficient to establish compensatory damages for humiliation and emotional and mental anguish." The court made

no finding that the evidence of emotional distress submitted by Johnson and Walker was not credible. The court's refusal to award compensatory damages for emotional distress was therefore clear error. The evidence offered by the plaintiffs easily meets the standard of *Phiffer*, particularly in light of Mrs. Hale's point blank statement to the plaintiffs that her husband would not want to rent to "Negro men." The fact that Mrs. Hale made her statement politely does not negate its effect on the plaintiffs.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED.