Jerome JOHNSON, George Walker,
Plaintiffs–Appellants,

v.

Verlin C. HALE, Cheryl Hale,
Defendants–Appellees.

No. 92–35416.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 16, 1993.

Submission Deferred Dec. 20, 1993.

Resubmitted Dec. 23, 1993.

Decided Jan. 11, 1994.

Andrew M. Small, St. Paul, MN, for plaintiffs-appellants.

Richard J. Carstensen, Billings, MT, for defendants-appellees.

Anne L. MacIntyre, Montana Human Rights Com'n, Helena, MT, for amicus.

Before: GOODWIN, CANBY, and KOZINSKI, Circuit Judges.

GOODWIN, Circuit Judge:

Jerome Johnson and George Walker appeal from a judgment awarding them $250 ($125 each) in compensatory damages for the emotional harm suffered as a result of racial discrimination in refusing to rent them an apartment. They argue that this *de minimis* award is clearly erroneous in light of the evidence presented, the policy considerations applicable to the case, other similar cases and this Court's remand order. We agree and reverse, remanding to the district court for an award which complies with our previous remand order. *Johnson v. Hale,* 940 F.2d 1192 (9th Cir.1991) (per curiam).

## I.

Defendant-appellees, Verlin and Cheryl Hale, own rental property in Billings, Montana and advertise their apartments in the newspaper. In March, 1988, Johnson and Walker, who are both African–American, telephoned Cheryl Hale in response to one of the Hales' newspaper advertisements. Ms. Hale invited them to view the units then available. However, when Johnson and Walker arrived, she refused to show them the apartments, explaining that her husband would not allow her to rent to "Negro men." [1] Johnson and Walker left without protest.

Thereafter, Johnson and Walker filed suit in federal district court, alleging illegal housing discrimination and requesting damages under 42 U.S.C. § 1982 and the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.* The district court dismissed their Fair Housing Act claim as untimely, but found that the Hales violated Johnson and Walker's rights under 42 U.S.C. § 1982. Although § 1982 provides for both compensatory and punitive damages, the district court awarded only attorney's fees.

On appeal, we held that the failure to award compensatory damages was clear error and remanded for a compensatory damage award in "an amount which will fairly compensate them for their injuries." 940 F.2d at 1193. In the remand order, we noted that compensatory damages may be awarded for humiliation and emotional distress established by testimony or inferred from the circumstances, whether or not plaintiffs submit evidence of economic loss or mental or physical symptoms. *Id.* at 1193 (citing *Phiffer v. Proud Parrot Motor Hotel,* 648 F.2d

---

1. The parties continue to dispute Ms. Hale's exact words. Ms. Hale testified that she "told them I did not think my husband would want me to rent to Negro men." The plaintiffs testified that she said her husband wouldn't "let us rent to Negro men." We fail to see any meaningful distinction between the two statements. By either account, Ms. Hale refused to show the apartments because of plaintiffs' race.

548, 552–53 (9th Cir.1980); *Seaton v. Sky Realty Co.,* 491 F.2d 634, 636 (7th Cir.1974)). We also emphasized that "both plaintiffs provided detailed and substantial testimony to support their claims that they suffered emotional distress as a result of the Hales' discriminatory acts" and that "[t]he Hales offered no evidence to rebut this testimony." *Id.*

On remand, the district court ordered the Hales to pay a total of $250. (Order dated April 2, 1992). The court indicated that this token award was appropriate because (1) Ms. Hale was "very polite" when she violated plaintiffs' rights; (2) discrimination cases "involving purchases have generally resulted in higher compensatory awards than cases involving rentals"; (3) plaintiffs did not prove a pattern of racial discrimination; and (4) Ms. Hale did not "embarrass[ ] plaintiffs in front of third parties." The court relied heavily on *Seaton,* 491 F.2d 634 and Robert G. Schwemm, *Compensatory Damages and Federal Fair Housing Cases,* 16 Harv.C.R.–C.L.Rev. 83 (1981), without reference to more recent discrimination cases or the two more recent versions of Schwemm's work.[2] The court did not make an individualized

determination of plaintiffs' damages. This appeal followed.

## II.

We are disappointed that this case is again before us. We hoped our previous opinion would lead to an appropriate award of compensatory damages or a settlement by the parties. Unfortunately, in light of the *de minimis* damage award, we must again reverse for clear error and remand for an award consistent with the purpose of § 1982 and the discrimination cases cited in plaintiffs' brief to this Court.[3]

None of the district court's stated reasons support a token award. As we stated during our last look at this case, a "polite" manner in no way negates the effects of overt racial discrimination. *Johnson,* 940 F.2d at 1194. "Politeness" does not erase the exhibition of racial discrimination. Those cases in which federal courts have considered the defendant's demeanor in no way justify the *de minimis* award given in this case.[4]

Contrary to the district court's assertion that discrimination in rental property merits

---

2. Since the 1981 article cited by the district court, Schwemm has twice revised his description of damages in fair housing cases. In both of these updates, he specifically notes an increase in damage awards. *See* Robert G. Schwemm, Housing Discrimination Law, Supp. 74–75 (BNA Wash.D.C.1986); Robert G. Schwemm, Housing Discrimination, Law and Litigation § 25.3(2)(b) "Direct Court Actions" at 25–21 n. 101 (1991) (noting that awards in the $5,000–$25,000 range are "quite common" and citing 26 cases, including 18 rental housing cases, in support of this statement). *See also* James A. Kushner, Fair Housing: Discrimination in Real Estate, Community Development and Revitalization, "Damage Awards" (Cum.Supp. II Jul. 1991).

3. *See, e.g., Secretary, HUD on behalf of Herron v. Blackwell,* 908 F.2d 864, 872 (11th Cir.1990) (upholding ALJ award of $40,000 for embarrassment, humiliation and emotional distress); *Hamilton v. Svatik,* 779 F.2d 383, 389 (7th Cir.1985) (finding that jury award of $12,500 for "intangible injuries" is not excessive); *Phillips v. Hunter Trails Community Assoc.,* 685 F.2d 184, 190 (7th Cir.1982) (reducing award of $25,000 per plaintiff to $10,000 per plaintiff); *Bradley v. Carydale Ent.,* 730 F.Supp. 709 (E.D.Va.1989) (awarding $9,000 in compensatory damages for a retaliatory eviction involving racial discrimination); *Laudon v. Loos,* 694 F.Supp. 253 (E.D.Mich.1988) (awarding attorneys fees plus $1,500 for humilia-

tion and embarrassment to a white plaintiff whose prospective landlord told her that her African–American stepfather and friends could not visit her if she rented a certain apartment); *Rogers v. 66–36 Yellowstone Blvd. Co-op Owners,* 599 F.Supp. 79 (E.D.N.Y.1984) (upholding jury award of $25,000 in compensatory damages for discrimination on an apartment purchase); *Davis v. Mansards,* 597 F.Supp. 334 (N.D.Ind. 1984) (awarding plaintiffs $10,000 each for emotional distress and loss of civil rights); *Shaw v. Cassar,* 558 F.Supp. 303 (E.D.Mich.1983) (awarding $10,000 each); *Parker v. Shonfeld,* 409 F.Supp. 876 (N.D.Cal.1976) (awarding $10,000 for humiliation and embarrassment).

4. In the 1970's, several federal courts did consider whether discrimination was "perpetuated in a courteous manner." *See, e.g., Steele v. Title Realty Co.,* 478 F.2d 380, 384 (10th Cir.1973); *Stevens v. Dobs, Inc.,* 373 F.Supp. 618, 622–23 (E.D.N.C.1974). However, even these courts awarded more then the minimal $125 per defendant awarded by the district court in this case. The *Steele* court awarded $1,000, after finding that the defendant "had no personal bias;" the *Stevens* court awarded $1,500 after finding that the defendant did not personally intend to discriminate.

a lower damage award than discrimination in the sale of property, more recent cases have recognized that housing discrimination in rental properties is as serious as discrimination in sales.[5] Both have substantial societal costs. We have been cited no reason to assume that racial discrimination in rented housing is any less emotionally upsetting than in the home sale market.

With reference to the district court's finding that the plaintiffs have not shown a pattern of discrimination, Ms. Hale's statement itself confesses a pattern of discrimination. In any case, the finding does not justify a *de minimis* award. A § 1982 plaintiff need not prove a pattern of discrimination in order to prove damages. Finally, that plaintiffs were alone with Ms. Hale when she made the statement does not suggest that its effect was minimal. Plaintiffs testified in detail about the impact of the statement on their lives, and amicus persuasively chronicles the larger societal consequences of such discrimination.

Although we decline to set a damage award ourselves, the two appeals in this relatively simple case indicate that some direction is necessary. The disregard of recent relevant precedent has caused an unseemly delay of some five years and has wasted judicial resources. On remand, therefore, the district court must award each plaintiff damages of not less than $3,500 plus costs and attorneys' fees. That sum would appear to be the minimum that finds support in recent cases and takes into account inflation, the purpose of § 1982, and other factors. The district court may, of course, award more after reviewing the authorities cited above.

REVERSED and REMANDED.

---

5. *See* treatises cited at note 2, *supra.*