108 F.3d 1387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Yung Chung SHEN, aka: Yung-Chung Shen,
Defendant-cross-defendant-Appellant,
and
Ming Yuan Huang; Mei Ling Huang, Defendants-cross-claimants.
 No. 95-56697.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 14, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Yung Chung Shen appeals pro se the district court's judgment in favor of the United States in an action brought by the Attorney General under section 3614(a) of the Fair Housing Act (the "FHA"), Title VIII of the Civil Rights Act, as amended, 42 U.S.C. §§ 3601-31. After a bench trial, the district court found that Shen had violated sections 3604(b) and (d) of the FHA and entered an injunction enjoining him from engaging in discriminatory housing practices and requiring him to take measures to ensure compliance with the FHA. The district court also awarded compensatory and punitive damages to a victim of Shen's discrimination and imposed a civil penalty upon Shen pursuant to 42 U.S.C. § 3614(d)(1)(C). We have jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 A. Sufficiency of the Evidence
 
 3
 Shen contends that the district court erred by finding that he violated sections 3604(b) and (d) of the FHA because there is insufficient evidence to support the district court's findings.[1] This contention lacks merit.
 
 
 4
 "It is thoroughly established that the sufficiency of the evidence is not reviewable on appeal unless a motion for a directed verdict was made in [the] trial court." Benigni v. City of Hemet, 879 F.2d 473, 476 (9th Cir.1989) (internal quotations omitted). Because Shen failed to move for a directed verdict at trial, our inquiry is necessarily limited to whether there is an absolute lack of evidence to support the district court's findings. See id.
 
 
 5
 Here, there is ample evidence that supports the district court's findings, including testimony from testers who were sent to Shen's apartment complex, testimony from former tenants who assisted Shen, testimony from victims of Shen's discrimination, and statistical evidence. Given the abundance of evidence presented by the government in this case, the district court properly found that Shen violated sections 3604(b) and (d) of the FHA.[2]
 
 B. Evidentiary Objections
 
 6
 Shen also contends that the district court abused its discretion by allowing several witnesses to testify for the government and by excluding evidence of Shen's rental practices at other properties. These contentions lack merit.
 
 
 7
 We review the district court's evidentiary rulings for an abuse of discretion. Williams v. Hughes Helicopters, Inc., 806 F.2d 1387, 1392 (9th Cir.1986).
 
 
 8
 Here, the district court allowed Charles Bogenshutz, Carrie Laurin, and Sheila Overturf to testify at trial even though their names were not on the government's original witness list. Shen claims that the court abused its discretion by allowing them to testify. We disagree.
 
 
 9
 In determining whether the district court abused its discretion, we must consider:
 
 
 10
 (1) the prejudice or surprise in fact of the party against whom the witnesses would testify;
 
 
 11
 (2) the ability of that party to cure the prejudice;
 
 
 12
 (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or cases in the court;
 
 
 13
 (4) the bad faith or willfulness in failing to comply with the court's order.
 
 
 14
 See Price v. Seydel, 961 F.2d 1470, 1474 (9th Cir.1992).
 
 
 15
 After reviewing the record and considering the factors set forth in Price, we cannot say that the district court abused its discretion by allowing these witnesses to testify. See id.
 
 
 16
 The district court also ruled that evidence of Shen's rental practices at properties other than Parthenia Terrace[3] should be excluded under Fed.R.Evid. 403 because "the time expended and the effort expended to get this evidence of other units ... is not worth the probative value of getting that evidence." The district court has "broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial." Campbell Indus. v. M/V Gemini, 619 F.2d 24, 27 (9th Cir.1980). In light of the district court's broad discretion, and in view of the marginal relevancy of this evidence, we cannot say that the district court abused its discretion. See Williams, 806 F.2d at 1392.
 
 C. Damages
 
 17
 Shen further contends that the district court erred by awarding compensatory and punitive damages to a victim of Shen's discrimination because there was insufficient evidence to support the damages. We disagree.
 
 
 18
 We review the district court's award of compensatory damages for clear error, see Johnson v. Hale, 13 F.3d 1351, 1353 (9th Cir.1994), and award of punitive damages for abuse of discretion, see EEOC v. Farmer Bros. Co., 31 F.3d 891, 903 (9th Cir.1994).
 
 
 19
 Here, the district court awarded $10,000 in compensatory damages and $5,000 in punitive damages to Elias Mengistu, a victim of Shen's discrimination, for emotional distress and humiliation. Mengistu's testimony is sufficient to support the district court's award of compensatory damages. See id. To the extent that Shen challenges the award as excessive, we reject this challenge because we have previously observed that such awards are common. See id. at 1353 n. 2 & 3 (noting that awards between $5,000 and $25,000 are common and citing cases upholding such awards for emotional distress and humiliation). Likewise, we reject Shen's contention that the district court abused its discretion by awarding punitive damages. Accordingly, the district did not err by awarding damages to Mengistu.[4]
 
 D. Civil Penalty
 
 20
 Finally, we reject Shen's contention that the district court erred by imposing a civil penalty upon him in the maximum amount authorized by law. See 42 U.S.C. § 3614(d)(1)(C)(i) (authorizing the district court to assess a civil penalty in an amount not exceeding $50,000 for a first violation to vindicate the public interest). In assessing the penalty, the district court considered, among other things, the nature and circumstances of the violation, the degree of Shen's culpability, any history of prior violations, and the goal of deterrence. The district court concluded that such a penalty was appropriate under the circumstances of this case "because the racial discrimination at Parthenia Terrace was egregious, deliberate, and carried on for years in a deliberate plan." After reviewing the record, we agree with the district court's conclusion. Accordingly, we affirm the district court's imposition of a civil penalty upon Shen. See 42 U.S.C. § 3614(d)(1)(C)(i).
 
 AFFIRMED.[5]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Accordingly, the appellant's request for oral argument is denied. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 3604(b) provides in pertinent part that it shall be unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race [or] color." 42 U.S.C. § 3604(b)
 Section 3604(d) provides in pertinent part that it shall be unlawful "[t]o represent to any person because of race [or] color ... that any dwelling is not available for inspection, sale, or rental when such dwelling is in fact so available." 42 U.S.C. § 3604(d).
 
 
 [2]
 Likewise, we reject Shen's assertion that the evidence did not establish a pattern or practice under section 3614(a). See, e.g., International Brotherhood of Teamsters v. United States, 431 U.S. 324, 336 n. 16 (1977) (stating that a pattern or practice is present where the denial of rights consists of something more than an isolated, sporadic incident ...); Gamble v. City of Escondido, 104 F.3d 300, 304-05 (9th Cir.1997) (stating that Title VII analysis applies to cases under the FHA)
 
 
 [3]
 The evidence involved the rental and subsequent sale of a single family residence in Victorville to an African-American and the rental of an apartment in Pasadena to an African-American
 
 
 [4]
 We reject Shen's assertion that punitive damages are not awardable by law. Shen neither offers argument nor cites authority to support this assertion
 
 
 [5]
 The appellant's motion for leave to file an oversized substitute reply brief and supplemental excerpts of record is denied