**Nancy Ann BLUM, Plaintiff—Appellant,**

v.

**C.E. FLOYD, Warden, in his individual and official capacity, Defendant—Appellee.**

No. 02–16431.

D.C. No. CV–96–01470–EHC.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2003.*

Decided May 15, 2003.

Before PREGERSON, REINHARDT, and GRABER, Circuit Judges.

MEMORANDUM**

Nancy Ann Blum, a former federal prisoner, appeals pro se the district court's judgment following a bench trial awarding her $1 in nominal damages, but denying her request for compensatory and punitive damages in her *Bivens* action. Blum alleged that Prison Warden C.E. Floyd violated her First Amendment rights by retaliating against her because Blum had filed lawsuits and administrative grievances against him. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review district court judgments denying compensatory damages for clear error, *Johnson v. Hale*, 13 F.3d 1351, 1352 (9th Cir.1994), and judgments denying punitive damages

for abuse of discretion, *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). We affirm.

The district court did not err by denying Blum's request for compensatory damages because Blum failed to establish that any injuries she may have suffered were caused by Floyd's violation of her First Amendment rights. *See Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307–10, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986).

The district court did not abuse its discretion by denying Blum's request for punitive damages because even if she established that Floyd ordered her to sit under the stairwell, she failed to establish that he did so with an "evil motive" or "reckless indifference." *See Dubner v. City & County of San Francisco*, 266 F.3d 959, 969 (9th Cir.2001).

The district court did not abuse its discretion by denying Blum appointment of counsel because she did not demonstrate "exceptional circumstances." *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

We decline to consider Blum's contentions that the district court should have appointed her an expert witness and allowed her to present opening and closing arguments because she raised these contentions for the first time in her reply brief. *See Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir.1990).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.