**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL ELLIOTT, | Nos. 15-35785 |
| Plaintiff-Appellee, | 15-35899 |
| v. | D.C. No. 3:14-cv-05054-RBL |
| BNSF RAILWAY COMPANY, a Delaware corporation, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted February 7, 2018
Seattle, Washington

Before: FISHER, GOULD and PAEZ, Circuit Judges.

BNSF Railway Company appeals the judgment following a jury verdict in

favor of Michael Elliott, who alleged retaliation in violation of the Federal

Railroad Safety Act (FRSA), 49 U.S.C. § 20109. We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

---

*This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**1.** BNSF's contention that the district court applied the wrong legal standard to its same-decision affirmative defense is without merit. *See* 49 U.S.C. §§ 20109(d)(2)(A), 42121(b)(2)(B)(iv). The record does not support BNSF's contention that the district court required it to prove Elliott actually engaged in misconduct. On the contrary, the record confirms the district court, consistent with the jury instructions, required BNSF to prove only that it sincerely believed the misconduct occurred.

**2.** Substantial evidence supports the jury's finding that Elliott's safety complaints were a "contributing factor" in the investigative hearings and Elliott's termination. *See* 49 U.S.C. § 42121(b)(2)(B)(ii); *Wallace v. City of San Diego*, 479 F.3d 616, 624 (9th Cir. 2007) ("A jury's verdict must be upheld if it is supported by substantial evidence."). A reasonable jury could have inferred from the evidence, including email exchanges among BNSF managers, that Elliott's safety complaint prompted the Federal Railroad Administration inspections and resulting violation finding and fine. A reasonable jury could have also inferred a retaliatory motive based on evidence of BNSF's animus toward Elliott, as well as from the temporal proximity between Elliott's safety complaint and subsequent safety violation assessment, and the alleged retaliatory actions.

**3.** Substantial evidence likewise supports the jury's finding that BNSF did not sincerely and honestly believe Elliott actually engaged in misconduct warranting dismissal. A reasonable jury could have concluded BNSF manufactured the physical altercation with supervisor Dennis Kautzmann to create a pretext for the retaliatory actions. *See Josephs v. Pac. Bell*, 443 F.3d 1050, 1062–63 (9th Cir. 2006). A reasonable jury also could have inferred that BNSF knew about Elliott's felony conviction since 2007, and raised the conviction in 2011 solely as a pretext for retaliating against him.

**4.** The district court did not abuse its discretion when it sustained Elliott's objection to the admission of investigative hearing transcripts as cumulative. *See Grand Canyon Skywalk Dev., LLC v. 'Sa' Nyu Wa Inc.*, 715 F.3d 1196, 1202 (9th Cir. 2013) ("A district court's evidentiary rulings should not be reversed absent clear abuse of discretion and some prejudice." (quoting *S.E.C. v. Jasper*, 678 F.3d 1116, 1122 (9th Cir. 2012)). The BNSF managers who made the decision to terminate Elliott testified at trial about the evidence they relied on from the investigative hearings. The district court also did not abuse its discretion when it refused to admit documentary evidence regarding other BNSF employees who were dismissed for violating company policies; BNSF suffered no prejudice because the district court permitted BNSF to elicit limited, general testimony on

this topic. Finally, the district court did not abuse its discretion when it rejected BNSF's proposed business judgment rule instruction. The business judgment rule is not a legal defense to an FRSA claim, and BNSF cites no authority for the proposition that trial courts *must* give such an instruction in FRSA retaliation cases.

**5.** We reject BNSF's contention that Elliott offered no evidence of mental anguish. Elliott's testimony regarding his mental anguish adequately supports the jury's damages award. *See Johnson v. Hale*, 13 F.3d 1351, 1352 (9th Cir. 1994).

**6.** We need not decide whether a jury may award front pay in FRSA cases. Because BNSF did not object to the instruction regarding front pay, we review for plain error. *See Chess v. Dovey*, 790 F.3d 961, 970 (9th Cir. 2015). Here, any error was not obvious. *See* 49 U.S.C. § 20109(e)(2) (categorizing reinstatement as "damages").

**7.** The district court did not abuse its discretion when it ruled on Elliott's untimely filing of his attorney's fees motion. Although it only discussed one of the four *Pioneer/Briones* factors in determining excusable neglect, the record supports

findings consistent with the district court's decision. *See Bateman v. U.S. Postal Serv.,* 231 F.3d 1220, 1225 n.3 (9th Cir. 2000); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010).

**AFFIRMED.**