**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 8 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CONSTANCE JONES, | No.   21-55896 |
| Plaintiff-Appellee, | D.C. No. 2:19-cv-02674-MWF-JEM |
| v. | |
| JAMES TRADING COMPANY LIMITED; et al., | MEMORANDUM[*] |
| Defendants-Appellants, | |
| and | |
| DOES, 1 through 50, inclusive, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted June 6, 2023[**]
Pasadena, California

Before:  WALLACE and OWENS, Circuit Judges, and FITZWATER,[***] District

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Sidney A. Fitzwater, United States District Judge for

Judge.

James Trading Company, Ltd., James Industry Group Co., Ltd., Every Industry, LLC, and Li Shuang Qi appeal from the district court's denial of their motion to set aside a $7.95 million default judgment against them and in favor of Constance Jones in her action alleging, inter alia, wrongful termination and breach of contract. We will reverse a district court's order denying a motion to set aside a default judgment only upon a "clear showing of abuse of discretion," *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985), and we review factual findings underlying these orders (including computation of damages) for clear error, *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court has discretion to deny a motion to vacate its default judgment if "(1) the plaintiff would be prejudiced if the judgment is set aside, (2) defendant has no meritorious defense, or (3) the defendant's culpable conduct led to the default." *In re Hammer*, 940 F.2d 524, 525–26 (9th Cir. 1991). Because the test is disjunctive, a denial of a motion to vacate a default judgment will be affirmed on the basis of any of the factors alone. *Id.*; *see also Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987) (citing *Pena*, 770 F.2d at 814).

the Northern District of Texas, sitting by designation.

The district court did not abuse its discretion in denying the motion to set aside its default judgment when it held that defendants' culpable conduct led to the default. "[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (quoting *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)). "Intentionally" means "something more like . . . 'willful, deliberate, or evidence of bad faith.'" *Id.* at 697 (quoting *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996)). The district court did not clearly err when it found that defendants' receipt of the ultimate default judgment was evidence that they had been receiving previous filings in the case and were simply waiting to see how the district court would rule on the motion for default judgment before obtaining substitute counsel or responding to the filings. Nor did the district court clearly err when it implicitly rejected defendants' claims that they believed an attorney they retained was representing their interests in the case, despite not being able to contact the attorney for over eight months. These factual findings support the district court's culpable conduct finding, such that its refusal to vacate its default judgment was not an abuse of discretion.

The district court did not clearly err in imposing $7.95 million in damages. Evidence of damages in support of a request for default judgment may come in the

form of declarations specifying how damages were computed. *See NewGen*, 840 F.3d at 617 (affirming imposition of damages in default judgment where the district court relied on a declaration from the plaintiff that provided an estimate of defendant company's net profits and a "detailed account of how he calculated each figure" in the damages request). A prove-up hearing to determine damages may be held but is not required. *See* Fed. R. Civ. P. 55(b)(2) ("The court may conduct hearings . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages."). Plaintiff and her counsel submitted two declarations with supporting exhibits substantiating their calculations of damages, attorney's fees, and costs. These calculations, including for emotional distress damages and plaintiff's share of defendant company's profits, were necessarily based on estimates due to defendants' own culpable conduct and failure to participate in the discovery process. *See NewGen*, 840 F.3d at 617 (rejecting defaulting defendant's claim that evidence underlying damages calculations was "unreliable" because the defaulting defendant itself was "in the best position to have the accurate records required to refute [plaintiff's] estimates"). Plaintiff was not required to submit medical evidence to support her claim for emotional distress damages. *See Johnson v. Hale*, 940 F.2d 1192, 1193 (9th Cir. 1991) (citing *Phiffer v. Proud Parrot Motor Hotel, Inc.*, 648 F.2d 548, 552–53 (9th Cir. 1980)).

**AFFIRMED.**

4