**Derry HARPER and Nikki Harper, Plaintiffs-Appellants,**

v.

**Edward M. HUTTON, Defendant-Appellee.**

**No. 77–1214.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 16, 1979.

Decided March 14, 1979.

Maurice E. Franklin, Jonathan I. Charney, Nashville, Tenn., Jack Greenberg, Beth J. Lief, New York City, for plaintiffs-appellants.

Stephen W. Ramp, Robert D. Tuke, Farris, Evans & Warfield, Nashville, Tenn., for defendant-appellee.

Before WEICK and MERRITT, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

MERRITT, Circuit Judge.

After a bench trial, the District Court dismissed plaintiffs' housing discrimination

suit brought under 42 U.S.C. §§ 3604 and 1982 (1976). The action is based on defendant's refusal to lease to plaintiffs an efficiency apartment near Vanderbilt University in Nashville, Tennessee. The defendant argues that he refused not because the plaintiffs are black, but because they are too poor to pay the rent. We do not accept this explanation of the facts.

Plaintiffs are married university students on scholarships. He is a law student at Vanderbilt, she an education student at the University of Tennessee. The defendant owns a 50 unit apartment building nearby and runs advertisements in the newspaper seeking student tenants.

According to the record and the findings of the District Court, on July 26, 1976 the couple rented a student apartment for approximately $250 a month for nine months from Vanderbilt University in one of its student housing apartments. A month later, Vanderbilt agreed to release them from their lease if they could find a cheaper apartment. A few days later, on September 4, 1976, the defendant showed them one of his efficiency apartments renting for $155 a month. On that day, plaintiffs completed an application form, supplied financial and credit information, and advised defendant that Vanderbilt had agreed not to hold them to their present student housing rental agreement. The defendant told them to call back in a week.

Six days later, on September 10, 1976, the husband called to ask if the couple could have the apartment, and the defendant advised that he had rented the apartment to another person four days earlier. He also told them that he had not checked their credit references. He did not mention that he then had available for rent another $155 per month efficiency apartment just like the one they had looked at and wanted to rent.

In his written Answer to the Complaint, and on the witness stand at the trial, the defendant at first flatly denied the fact that he had another apartment available on September 10 when the husband called (appendix 140). Under rigorous examination by the District Judge and counsel, the defendant then retracted these statements, admitted that he had had another apartment available, and offered the explanation that "I wasn't under any obligation" to tell them "even if that [other] apartment was available" (appendix 144) because "I was very much in doubt, frankly, as to whether they had the ability, you know, to pay the rent" (appendix 163). The defendant also offered the explanation that he did not want to rent to "lease breakers," although the District Court found that the defendant had recently rented to another individual who had "told defendant that he could get out of his existing lease" elsewhere (appendix 28).

The record establishes to our satisfaction that plaintiffs had sufficient income and credit to meet their rental obligations while in school and that they furnished defendant with sufficient financial and credit information (which he did not check) to demonstrate this fact had he wanted to investigate further. On these facts, the District Court concluded that "while the court has no doubt that plaintiffs would have been good tenants" the defendant was entitled to "make the business judgment that plaintiffs would not be financially able" to pay the rent (appendix 32). Based on this conclusion, the District Court held that the defendant did not refuse to rent to plaintiffs because of their race.

Although we do not disagree with the *specific* findings of fact of the District Court, we disagree with the Court's conclusion that this record reasonably permits an inference that the defendant refused to rent an apartment to plaintiffs solely for "business reasons," other than race. The defendant had rented apartments to white students, including scholarship students on a tight budget, on the same day they applied without scrutinizing their financial condition or even asking questions. Until caught by the District Judge, the defendant testified falsely about the availability of another apartment on September 10. The record, including the testimony of Vanderbilt Dean K. C. Potter, demonstrates to our

satisfaction that the defendant's explanation that the plaintiffs were "lease breakers" was a complete fabrication. Defendant's "business judgment" excuse likewise was simply a pretext. On the basis of the entire record, we are convinced that the defendant refused to rent to the plaintiffs because they were both poor and black. Had they been white, he would not have refused. The fact that during the ten years he had owned the 50 apartments he had once rented an apartment to a black tenant does not change our opinion.

Accordingly, the judgment of the District Court is reversed and the case is remanded for consideration of damages and injunctive relief. Costs are taxed against the defendant-appellee.

WEICK, Circuit Judge, concurs in the result.