Lester J. PHIFFER and Abbie Phiffer, Plaintiffs–Appellees,

v.

PROUD PARROT MOTOR HOTEL, INC., a California Corporation, Robert Chow and Chao Chow, Defendants–Appellants.

No. 78–3420.

United States Court of Appeals, Ninth Circuit.

Submitted July 28, 1980.

Decided Nov. 24, 1980.

Robert C. Summers, Taylor, Kupfer & Summers, Los Angeles, Cal., for defendants–appellants.

Benjamin P. Wasserman, Hermosa Beach, Cal., for plaintiffs–appellees.

Before SNEED, ANDERSON and TANG, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

The defendants appeal a determination of liability and an award of damages and attorney fees to the plaintiffs for the defendants' alleged act of racial discrimination in refusing to rent office space at the Proud Parrot Motor Hotel to plaintiff Lester J. Phiffer. We affirm in part and vacate and remand in part.

## I. BACKGROUND

The facts of this case are relatively simple and follow a now familiar pattern in federal civil rights litigation. Plaintiff Lester J. Phiffer, a black man, is an agent with Farmers Insurance Group. On August 31, 1977, Phiffer inquired at the Proud Parrot about the possibility of renting office space. A sign located outside the motel clearly advertised office space for rent. Phiffer and his wife Abbie, a black woman, the other named plaintiff in this action, were shown a space that rented for $65.00 a month. Phiffer decided that the space would be suitable for his needs, and told the son of defendant Robert Chow, the owner of the Proud Parrot, that he would like to rent the office. Phiffer offered to go home and return with a check as a deposit, but was told that the office would be held for him until the next morning.

When the Phiffers arrived the next morning with a check for the deposit, the desk clerk, after some hesitation, told them that the office would not be available because the manager wanted to use it. They were instead shown another office which was unsuitable because the floor was badly warped and the carpet was stained. Mrs. Phiffer became upset because she suspected that the proprietor's real motivation in refusing to rent the office was her husband's race, and was crying when they left the motel that morning.

The Phiffers contacted Terri Ventura, a caucasian friend of their son, and asked her to try to rent the office in an attempt to determine whether the management of the Proud Parrot had discriminated against Mr. Phiffer on account of his race. Ms. Ventura, posing as a secretary, went to the motel the next day, September 2, and asked to see rental office space. Ms. Ventura was shown the office originally promised to Phiffer on August 31. Ms. Ventura left a deposit on the office.

Ms. Ventura returned on September 8 with a caucasian male who posed as her boss. After inspecting the office, Ms. Ventura's "boss" told the desk clerk that the office was too small and arrangements to return the deposit were made. That afternoon, Phiffer and his son went to the motel and were informed that there were no vacancies for office space. On September 11, Phiffer noticed that the "Offices for Rent" sign remained, and called on the telephone without identifying himself. The clerk responded that quite a few offices were available. Approximately one month later, Phiffer rented an office in Carson, California, located several miles from the Proud Parrot. The office which he ultimately rented was larger than his needs demanded, and rented at the rate of $216.00 per month.

The Phiffers subsequently filed this action in federal district court, alleging that Chow, as the owner of the Proud Parrot, had violated their civil rights as defined by the Civil Rights Act of 1866, 42 U.S.C. § 1982, and Title VIII of the Civil Rights Act of 1968, 42 U.S.C. § 3601 et seq. By stipulation of the parties, the case was tried to a magistrate. The magistrate found that the defendants' conduct discriminated against the Phiffers in violation of § 1982. The magistrate found Title VIII to be inapplicable to rental of office space from a

hotel. The magistrate awarded $7500 in general damages to Mr. Phiffer, $1000 in general damages to Mrs. Phiffer, $1000 in punitive damages against Robert Chow to both plaintiffs, and assessed $2500 in attorney's fees. The district court adopted the magistrate's findings and entered judgment for the plaintiffs. This appeal followed.

## II. *ISSUES ON APPEAL*

Essentially, five issues are raised on appeal:

1). Whether the Phiffers established a prima facie case of racial discrimination under 42 U.S.C. § 1982;

2). Whether Abbie Phiffer had standing to sue;

3). Whether the compensatory damages awards were excessive and based upon clearly erroneous findings of fact;

4). Whether the evidence substantiated the punitive damages award;

5.) Whether the attorney's fees award was supported by the evidence.

## III. *DISCUSSION*

### A. *Prima facie case under § 1982*

Defendants argue on appeal that the Phiffers failed to establish a prima facie case of racial discrimination under § 1982.[1] They argue that the evidence failed to establish a racially discriminatory intent on the part of Proud Parrot management, and, in the alternative, that any racial motivation on the part of the desk clerk cannot be attributed to either the corporation or to Robert Chow. Neither argument has any merit.

This circuit has not yet defined the elements of a prima facie case for an action arising under § 1982. In its entirety, § 1982 reads as follows:

"All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens

thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."

42 U.S.C. § 1982. We are guided, however, by precedent from other circuits which have wrestled with the question of the prima facie case under § 1982. In brief, the elements of proof in § 1982 actions may be deduced from the elements of a Title VII case for employment discrimination, as defined by the Supreme Court in *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under this analysis, a plaintiff must prove:

1). that he or she is a member of a racial minority;

2). that he or she applied for and was qualified to rent or purchase certain property or housing;

3). that he or she was rejected; and

4). that the housing or rental opportunity remained available thereafter.

*See Wharton v. Knefel*, 562 F.2d 550, 553–54 (8th Cir. 1977); *Smith v. Anchor Building Corp.*, 536 F.2d 231, 233 (8th Cir. 1976); *Williams v. Matthews Company*, 499 F.2d 819, 826 (8th Cir.), *cert. denied*, 419 U.S. 1021, 95 S.Ct. 495, 42 L.Ed.2d 294, and 419 U.S. 1027, 95 S.Ct. 507, 42 L.Ed.2d 302 (1974); *see also, Harper v. Hutton*, 594 F.2d 1091 (6th Cir. 1979); *cf. Robinson v. 12 Lofts Realty, Inc.*, 610 F.2d 1032 (2d Cir. 1979).

Racial motivation is not an element of the § 1982 prima facie case; only a racial impact need be shown. Defendants erroneously argue that we must follow an equal protection analysis and require that plaintiffs prove racial animosity, relying upon *Arlington Heights v. Metropolitan Housing Development Corporation*, 429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977). § 1982, however, represents an exercise of the power of Congress to eliminate the "badges and incidents" of slavery under the thirteenth amendment, and not strictly an

---

1. Although the parties have briefed the question whether the evidence adduced supported a prima facie case under Title VIII, the Phiffers did not cross–appeal from the magistrate's

finding that § 3604 is inapplicable to the facts of this action. Accordingly, we expressly decline to rule on the Title VIII issue.

attempt to effectuate the equal protection clause of the fourteenth amendment. *See Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968); *cf. Robinson v. 12 Lofts Realty, supra*, 610 F.2d at 1037, 1038. We cannot, therefore, analogize to equal protection cases.

■ The evidence clearly supports a prima facie case of racial discrimination. Phiffer, a black man, applied to rent an office space at the Proud Parrot, and offered to place a deposit on the office. After being told that the deposit could wait until the next morning, Phiffer was told that the office was no longer available. The same office, however, was made available to a white applicant the next day. Defendants' argument that Phiffer did not meet the Proud Parrot's objective criteria because he did not place a deposit on the evening of August 31 is clearly specious.

Defendants offered evidence tending to rebut the prima facie case by showing that the Proud Parrot had rented hotel rooms to black boarders. This asserted defense presented fact and credibility issues resolved by the trier of fact against the defendants. Where the evidence so clearly speaks to racial exclusion in a particular instance of refusal to rent office space, evidence of prior nondiscriminatory conduct may properly be found not to constitute a valid defense. The issue was for the district court to resolve and we do not disagree.

■ Defendants also point to a lack of any evidence that the desk clerk acted under any express instructions from Chow or anyone else in a management position at the Proud Parrot as a fatal omission in the Phiffer's case. Discriminatory conduct on the part of a rental agent is, however, attributable to the owner of a motel, apartment complex, or other public housing facility. *See United States v. Youritan Construction Company*, 370 F.Supp. 643 (N.D. Cal.1973), *aff'd in part and rev'd in part on other grounds*, 509 F.2d 623 (9th Cir. 1975). The duty of the owner of such a facility to obey the laws relating to racial discrimination is non-delegable. In any event, the

magistrate found that the desk clerk's actions reflected the established policy of the Proud Parrot.

We affirm the holding of the magistrate that defendants' liability under § 1982 was established at trial.

### B. *Abbie Phiffer's standing to sue*

■ Defendants ask us to consider whether Abbie Phiffer had standing to sue under § 1982. Our review of the record indicates, however, that this contention was not raised before the magistrate. Nevertheless, the record indicates that she has fully established the injury–in–fact and "but for" causation required under the current interpretation of the Article III case–or–controversy requirement. *See Duke Power Co. v. Carolino Environmental Study Group*, 438 U.S. 59, 72–82, 98 S.Ct. 2620, 2630–2635, 57 L.Ed.2d 595 (1978).

### C. *Compensatory damages*

■ Defendants attack the findings of fact which support the compensatory damages award. The magistrate found that Phiffer suffered a substantial wage loss as a result of locating his office in Carson, and that the relocation caused a loss of eight to ten policies per week beginning in October 1977. The magistrate also found that denial of the office space caused both Mr. and Mrs. Phiffer "considerable emotional distress and humiliation."

The findings regarding Mr. Phiffer's business losses were not clearly erroneous. While the evidence showed that his wages actually increased, there was sufficient evidence from which the magistrate could properly infer that Phiffer would have made more money at the Proud Parrot. In addition, Phiffer's testimony established that several policies were lost either through cancellation or transfer as a direct result of the move to Carson.

The magistrate also acted properly in awarding damages for humiliation and distress. Mrs. Phiffer's testimony as to her feelings and overt reactions when told that her husband could not rent the desired of-

fice is uncontroverted. Mr. Phiffer's humiliation could be inferred from the surrounding circumstances. *See, e. g., Seaton v. Sky Realty Company, Inc.,* 491 F.2d 634 (7th Cir. 1974).

We also conclude that the amounts of the compensatory damages awards were not excessive under our standard of review.

### D. *Punitive damages*

 Defendants argue that the award of punitive damages was unjustified because there was no showing of malice or ill will toward the Phiffers. Actual malice, however, is unnecessary to support an award of punitive damages in racial discrimination cases. It need only be shown that the defendant has acted "with such conscious and deliberate disregard of the consequences of his actions to others that his conduct is wanton." *Fountila v. Carter,* 571 F.2d 487, 491 (9th Cir. 1978), *quoting Knippen v. Ford Motor Co.,* 178 U.S.App. D.C. 227, 236, 546 F.2d 993, 1002 (1976). The defendants' repeated refusal to rent the available office space is sufficient to establish the wanton nature of their conduct when coupled with proof that the space was offered to a white applicant. Our previous comments on the nondelegable nature of defendants' duty to the Phiffers rebuts the claim that only negligent supervision of the desk clerk has been demonstrated.

### E. *Attorney's fees*

The magistrate awarded $2,500 in attorney's fees to the Phiffers pursuant to the Civil Rights Attorneys' Fees Awards Act of 1976, 42 U.S.C. § 1988. While the fact of an award does not disturb us, we note that there is no evidence supporting the amount of the award. Accordingly, we remand this case to the district court for consideration of the amount of the award under the standards of *Fountila v. Carter, supra,* 571 F.2d at 496.

[11] We allow attorney's fees on appeal to the plaintiffs. The affidavits in Phiffers' brief are not properly before us. On remand, the district court shall also determine and award a reasonable appellate fee to the plaintiffs.

### IV. *CONCLUSION*

The judgment of the court below is AFFIRMED in part and VACATED and REMANDED in part for further proceedings not inconsistent with this opinion.

Appellants shall bear the costs of this appeal.