**Chun–Mei DODGE, Plaintiff–Appellant,**

v.

**Muriel JOHNSON, et al., Defendants**

**and**

**Kerry Killinger; Washington Mutual, Inc., Defendants–Appellees.**

No. 01–16125.
D.C. No. CV–00–1977–FCD.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 2002.

Decided July 12, 2002.

Before HAWKINS and FISHER, Circuit Judges, and MOSKOWITZ,* District Judge.

* The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

## MEMORANDUM**

Chun–Mei Dodge appeals the district court's order granting summary judgment in favor of Kerry Killinger and Washington Mutual, Inc.*** (collectively "Washington Mutual defendants") in her 42 U.S.C. § 1983 action alleging violations of the Fourteenth Amendment. The judgment was entered pursuant to Fed.R.Civ.P. 54(b). We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

Three days prior to oral argument, Dodge filed a "Status Report" to appraise the court of developments occurring since the entry of summary judgment. The Washington Mutual defendants moved to strike the "Status Report" on the grounds that it is irrelevant and involves matters not before the district judge at the time of the entry of summary judgment. The court grants appellees' motion to strike. *See Kirshner v. Uniden Corp. of Am.,* 842 F.2d 1074, 1077 (9th Cir.1988); *see also* 9th Cir. R. 10–2.

The parties are familiar with the facts, so we do not repeat them here.

The court reviews de novo the district court's grant of summary judgment. *Venetian Casino Resort v. Local Joint Exec. Bd. of Las Vegas,* 257 F.3d 937, 941 (9th Cir.2001). Summary judgment may be affirmed on any ground that the record supports, including one the district court did not reach. *Id.*

■ Dodge contends that the district court erred in granting summary judgment on her substantive due process claim because the Washington Mutual defendants denied her fundamental right to engage in a particular real estate transaction and because there was no rational basis for rejecting her bid to purchase the property. Dodge's argument lacks merit because she is alleging a deprivation of economic and property rights, which are not fundamental rights under substantive due process. *See Nunez v. City of Los Angeles,* 147 F.3d 867, 871 n. 4 (9th Cir.1998). "Legislative acts that do not impinge on fundamental rights or employ suspect classifications are presumed valid, and this presumption is overcome only by a 'clear showing of arbitrariness or irrationality.' " *Kawaoka v. City of Arroyo Grande,* 17 F.3d 1227, 1234 (9th Cir.1994) (quoting *Hodel v. Indiana,* 452 U.S. 314, 331–32, 101 S.Ct. 2376, 69 L.Ed.2d 40 (1981)). Because (1) Dodge's previous interest as owner of the real estate at issue was foreclosed upon by Washington Mutual's predecessor-in-interest for default; (2) she refused to vacate the property until the conclusion of an unlawful detainer action; and (3) she commenced a meritless quiet title action against Washington Mutual, it was completely rational for Washington Mutual to choose not to do business with her.

■ The district court properly granted summary judgment to defendants on Dodge's equal protection claim because Dodge failed to present any evidence that the Washington Mutual defendants acted in a discriminatory manner and that the discrimination was intentional. *See Kawaoka,* 17 F.3d at 1239–40. Where there is insufficient evidence of racial discrimination, the court reviews the defendants' actions to determine if Dodge has been treated differently from similarly situated individuals and whether there is any rational basis for such treatment. *Id.* at 1240. Here, we conclude that the district

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*** Although the caption and the notice of appeal refer to Washington Mutual, Inc., the parties and the district court referred to defendant-appellee as Washington Mutual Bank, F.A.

court properly found that Dodge was not similarly situated to the individual whose bid was accepted in all relevant respects rationally related to Washington Mutual's objectives.

■ Dodge also appeals the district court's order denying her Fed.R.Civ.P. 59(e) motion to alter or amend judgment. The district court's denial of a motion for reconsideration is reviewed for an abuse of discretion. *See Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir.2000). A district court has discretion to decline to consider an issue raised for the first time in a motion for reconsideration. *See Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1141 n. 6 (9th Cir.1999). After reviewing the record, we hold that the district court did not abuse its discretion in denying Dodge's motion for reconsideration.

AFFIRMED.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.