**Chun Mei DODGE, Plaintiff—Appellant,**

v.

**Muriel JOHNSON; Elizabeth Wolf; Steve Young; Darren Bobrowski; Lynn Davis; County of Sacramento; Sacramento Housing and Redevelopment Agency; Janet Johnson; Thomas Petruzzi, Defendants—Appellees,**

**and**

**Kerry Killinger; Washington Mutual, Washington Mutual, Inc., Defendants.**

No. 02–16867.

D.C. No. CV–00–01977–FCD.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2003.

Decided Jan. 8, 2004.

Ellen C. Dove, Esq., Sacramento, CA, for Plaintiff–Appellant.

Keith W. Floyd, Thomas A. Cregger, Esq., Adrian L. Randolph, Randolph, Cregger & Chalfant, LLP, David A. Cheit, Stevens and O'Connell, Sacramento, CA, for Defendants–Appellees.

Robert J. Cassinelli, pro se, Sacramento, CA, Sherry Curtis, Pioneer, CA, for Amici Curiae.

Before O'SCANNLAIN, HAWKINS, and FISHER, Circuit Judges.

### MEMORANDUM *

This action arises out of the sale of a piece of property, the Dodge City Inn (the "Property"), which was formerly owned by Dodge and her family but acquired by trustee's deed through a non-judicial foreclosure by a predecessor to Washington Mutual Bank in 1998. In a prior appeal, this court affirmed the district court's grant of summary judgment to Washington Mutual and its Chief Operating Officer Kerry Killinger. *Dodge v. Johnson,* 41 Fed.Appx. 138, 2002 WL 1491890 (9th Cir. 2002). Today we affirm the district court's disposal of Dodge's remaining claims against the remaining defendants.

The district court properly granted summary judgment on Dodge's equal protection claim. Dodge presented no evi-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

dence (beyond sheer allegations) that the Sacramento Housing and Redevelopment Agency ("SHRA") or defendant Johnson acted with discriminatory intent, and Dodge was not similarly situated to Cyrus Youseffi, the successful loan applicant and bidder. *Kawaoka v. City of Arroyo Grande,* 17 F.3d 1227, 1239–40 (9th Cir. 1994) (to invoke strict scrutiny, claimant must demonstrate intentional discrimination on the basis of race). Indeed, Dodge did not even apply for a loan from the SHRA to repurchase the Property. It was also rational for defendant Johnson to prefer Youseffi and urge Washington Mutual to do the same, given Youseffi's prior success in the neighborhood and Dodge's track record with the Property.

■ The district court also correctly decided Dodge's claims for violation of substantive and procedural due process. Dodge's interest in purchasing a particular piece of property is not a fundamental right, *see Nunez v. City of Los Angeles,* 147 F.3d 867, 871 n. 4 (9th Cir.1998), and legislative acts affecting this interest are invalid only if there is a clear showing of arbitrariness or irrationality. *Kawaoka,* 17 F.3d at 1234. It was not arbitrary or irrational for the SHRA and County to approve a loan to Youseffi or to encourage Washington Mutual to sell the Property to a bidder that would put the Property to a different use.

■ Similarly, Dodge has no constitutionally protected interest in her reputation, *Paul v. Davis,* 424 U.S. 693, 708–9, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), and she has not shown that any of the defendants' actions have precluded her from seeking other real estate opportunities. *See Nunez,* 147 F.3d at 873. Procedural due pro-

cess only applies if there is a deprivation of a liberty or property interest, *see Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), and Dodge had no such interest at stake.

■ The district court properly granted summary judgment on Dodge's First Amendment right to petition claim. There was no concealment of any relevant information that would have prevented Dodge from seeking review of the agency's decision to make the loan to Youseffi. *See Delew v. Wagner,* 143 F.3d 1219, 1222 (9th Cir.1998).

■ The district court also appropriately dismissed Dodge's 42 U.S.C. § 1982 claim against two Washington Mutual employees, and correctly granted summary judgment to the other defendants on this cause of action. Dodge did not establish a prima facie case with respect to the Washington Mutual defendants, as she did not demonstrate that she was otherwise qualified to purchase the Property, in light of Washington Mutual's policy of not selling property back to a borrower who had defaulted. *See Phiffer v. Proud Parrot Motor Hotel, Inc.,* 648 F.2d 548, 551 (9th Cir.1980).[1] Dodge did not establish a prima facie case against the SHRA and County defendants either, because she did not apply for a loan to repurchase the Property. *See id.*

To the extent Dodge has made claims under 42 U.S.C. §§ 1983 and 1985, these claims also fail because she has not established a violation of a constitutional right either individually by the defendants or as part of a conspiracy. *See West v. Atkins,*

---

**1.** The district court also properly denied Dodge's motion to reconsider the dismissal of the Washington Mutual defendants, because Dodge did not present any new evidence or show that the initial decision was clear error or manifestly unjust. *School Dist. No. 1J, Multnomah County v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993).

487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

AFFIRMED.