**Napoleon Tette ANNAN–YARTEY, Plaintiff–Appellant,**

v.

**STAR PROTECTION AGENCY, INC.; et al., Defendants–Appellees.**

No. 04–16077.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.*

Decided April 4, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

314

Napoleon Tette Annan–Yartey, Honolulu, HI, pro se.

Ernest H. Nomura, Cades, Schutte, Fleming & Wright, Honolulu, HI, for Defendants–Appellees.

Before: B. FLETCHER, TROTT, and PAEZ, Circuit Judges.

## MEMORANDUM **

Napoleon T. Annan–Yartey appeals pro se the district court's summary judgment in favor of Star Protection Agency, Inc. ("Star"), his former employer, and several Star employees, in this wrongful termination and civil rights action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 814 (9th Cir.2002), and we affirm.

■ The district court properly granted summary judgment on Annan–Yartey's claim under 42 U.S.C. § 1981 because he failed to raise a genuine issue of material fact as to whether Star terminated his employment because of his race. *See Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1106 (9th Cir.2000) (defendant entitled to summary judgment where it "show[ed] that the nonmoving party does not have enough evidence of an essential element of its claim … to carry its ultimate burden of persuasion at trial"); *Imagineering, Inc. v. Kiewit Pac. Co.*, 976 F.2d 1303, 1313 (9th Cir.1992) ("Proof of intent to discriminate is necessary to establish a violation of section 1981.").

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ Similarly, the district court properly granted summary judgment on Annan–Yartey's claim under 42 U.S.C. § 1985 because he did not present any evidence that the defendants conspired to deprive him of a protected right. *See Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir.1992) (holding that conspiracy is an essential element of a section 1985 claim). Annan–Yartey's claim under 42 U.S.C. § 1982 also fails because this action does not involve the purchase or rental of property or housing. *See Phiffer v. Proud Parrot Motor Hotel, Inc.*, 648 F.2d 548, 551 (9th Cir.1980) (defining elements of a *prima facie* case of racial discrimination under section 1982).

The district court properly granted summary judgment on Annan–Yartey's claim under 42 U.S.C. § 1983 for violation of his rights to equal protection and due process because the defendants are private parties. *See Apao v. Bank of New York*, 324 F.3d 1091, 1093 (9th Cir.2003) (explaining that Fourteenth Amendment "shields citizens from unlawful governmental actions, but does not affect conduct by private entities"); *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir.1991) (private parties generally do not act under color of state law for purposes of section 1983 claim).

■ The district court also properly dismissed Annan–Yartey's Title VII claim for lack of jurisdiction because he failed to exhaust administrative remedies. *See EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir.1994) (plaintiff must exhaust administrative remedies by filing a timely charge with the Equal Employment Opportunity Commission or the appropriate state agency to establish subject matter jurisdiction for federal court action).

Because the district court properly granted summary judgment on all of Annan–Yartey's federal claims, the court did not abuse its discretion by declining to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3). *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1143 n. 7 (9th Cir.2003).

■ The district court did not abuse its discretion by denying Annan–Yartey's motion for a continuance under Fed.R.Civ.P. 56(f) because he did not identify the specific evidence he sought through additional discovery or how it would have precluded summary judgment. *See Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 920–21 (9th Cir.1996).

Finally, we reject Annan–Yartey's contentions that the district court judge engaged in misconduct and was biased because they are completely baseless.

AFFIRMED.