Finally, Pachaian's due process claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (no due process violation where no error and no prejudice).

**PETITION FOR REVIEW DENIED.**

**Hiawatha HOEFT–ROSS; et al.,**
**Plaintiffs—Appellants,**

**v.**

**Werner HOEFT, Trustee of the Hoeft Revokable Trust; et al., Defendants—Appellees.**

No. 07–17369.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 2009.

Filed Nov. 10, 2009.

Hiawatha Hoeft–Ross, Reno, NV, pro se.

Monica Hoeft–Ross, Reno, NV, pro se.

Kirsten Hoeft–Ross, Reno, NV, pro se.

Martin Hoeft–Ross, Reno, NV, pro se.

Michael R. Kealy, Esq., Parsons Behle & Latimer, Reno, NV, for Defendant–Appellee.

Before: RYMER, McKEOWN and N.R. SMITH, Circuit Judges.

MEMORANDUM *

Monica Hoeft–Ross, Hiawatha Hoeft–Ross (Monica's husband), and their children, Kirsten and Martin Hoeft–Ross (collectively referred to as "appellants"),

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

brought an action against Monica's parents, Werner and Christel Hoeft (the "Hoefts") under the Fair Housing Act and 42 U.S.C. §§ 1981, 1982, and 1985. Appellants now appeal all of the district court's decision, except the summary judgment order for the Fair Housing Act and 42 U.S.C. § 1985 claims. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. As to the summary judgment motion, appellants argue there was sufficient evidence to defeat the motion. We disagree. The court reviews *de novo* a district court's decision to grant summary judgment. *Universal Health Servs., Inc. v. Thompson,* 363 F.3d 1013, 1019 (9th Cir.2004). Federal Rule of Civil Procedure 56(c) articulates the familiar standard: summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact that the movant is entitled to judgment as a matter of law." In order to rebut a party's motion for summary judgment, the non-moving party must point to specific facts supported by the record, which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J,* 208 F.3d 736, 738 (9th Cir.2000). Such specific facts, however, may not come from mere "allegations or denials in its own pleading." Fed.R.Civ.P. 56(e)(2). Additionally, a mere declaration (not in the form of an affidavit) does not qualify as a "specific fact[ ] showing a genuine issue for trial." *Id.*

The Ninth Circuit has held a plaintiff proves a *prima facie* housing discrimination claim when he or she shows "(1) that he or she is a member of a racial minority; (2) that he or she applied for and was qualified to rent or purchase certain property or housing; (3) that he or she was rejected; and (4) that the housing or rental opportunity remained available thereaf-

ter." *Phiffer v. Proud Parrot Motor Hotel, Inc.,* 648 F.2d 548, 551 (9th Cir.1980). The record shows that appellants offered no evidence to prove requirements (2) and (4).

2. The panel reviews a denial of a Rule 60(b)(1) motion for abuse of discretion. *Bateman v. U.S. Postal Serv.,* 231 F.3d 1220, 1223 (9th Cir.2000). This Court has held that, when determining whether a party's neglect is excusable under Federal Rule of Civil Procedure 60(b), it should consider "[ (1) ] the danger or prejudice [to the opposing party], [ (2) ] the length of the delay and its potential impact on judicial proceedings, [ (3) ] the reason for the delay, including whether it was within the reasonable control of the movant, and [ (4) ] whether the movant acted in good faith." *Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 381 (9th Cir.1997). So long as a court, guided by these factors, engages in an equitable analysis, it does not matter whether the court explicitly articulates the *Briones* factors. *Bateman,* 231 F.3d at 1224 (quoting *Briones,* 116 F.3d at 381). The district court engaged in the analysis and did not rely on any erroneous facts. Therefore, we cannot say the district court abused its discretion in denying the Rule 60(b)(1) motion.

3. As to the discovery sanctions, appellants waived this argument. When making their argument against summary judgment, appellants failed to argue that their ability to survive the summary judgment motion was hindered by the Magistrate's discovery sanction. There are no exceptional circumstances justifying our review of the argument on appeal. *See Bolker v. Comm'r,* 760 F.2d 1039, 1042 (9th Cir. 1985).

**AFFIRMED.**