**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROSS MASSBAUM,

               Plaintiff-counter-defendant - Appellant,

  v.

WNC MANAGEMENT; et al.,

               Defendants-counter-claimants - Appellees.

No. 08-55406

D.C. No. 8:07-cv-00096-DOC-RNB

MEMORANDUM [*]

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted December 15, 2009 [**]

Before:    GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

    Ross Massbaum appeals pro se from the district court's summary judgment

for defendants in his action alleging housing discrimination on the basis of race

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

LSS/Research

and disability. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Gamble v. City of Escondido*, 104 F.3d 300, 304 (9th Cir. 1997), and we affirm.

The district court properly granted summary judgment on the Fair Housing Act claim because Massbaum failed to raise a triable issue as to whether the defendants acted with any discriminatory intent during the events at issue, or whether their practices disproportionately impacted any particular racial group. *See McDonald v. Coldwell Banker*, 543 F.3d 498, 505 n.7 (9th Cir. 2008) (explaining that a disparate treatment claim under the Fair Housing Act requires some showing of discriminatory intent, while a disparate impact claim requires, inter alia, showing "a significantly . . . disproportionate impact on persons of a particular type produced by the defendant's facially neutral acts or practices").

For the same reasons, summary judgment was proper on the claims brought under 42 U.S.C. § 1981 and Title VI. *See Save Our Valley v. Sound Transit*, 335 F.3d 932, 944 (9th Cir. 2003) ("Title VI itself directly reach[es] only instances of intentional discrimination."); *De Horney v. Bank of America Nat'l Trust & Sav. Ass'n*, 879 F.2d 459, 467 (9th Cir. 1989) ("[T]o establish a § 1981 claim, the plaintiff must prove intentional or purposeful discrimination.").

Summary judgment was proper on the 42 U.S.C. § 1982 claim because Massbaum did not show he is a member of a racial minority. *See Phiffer v. Proud Parrot Motor Hotel, Inc.*, 648 F.2d 548, 551 (9th Cir. 1980).

Summary judgment was proper on the Americans with Disabilities Act ("ADA") and Rehabilitation Act claims, because Massbaum failed to raise a triable issue as to whether defendants discriminated against him on the basis of a disability. *See Weinreich v. Los Angeles County Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997) (stating that both the ADA and the Rehabilitation Act require proof of discrimination by reason of a disability).

Massbaum's remaining contentions are unpersuasive.

**AFFIRMED.**