
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID LONG, Jr., an individual suing on behalf of himself, all those similarly situated and the general public,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>PLAYBOY ENTERPRISES INTERNATIONAL, INC.,<br><br>        Defendant - Appellee. | No. 12-57044<br><br>D.C. No. 2:11-cv-02128-JAK-AJW<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and submitted March 4, 2014
UCLA

Before: KOZINSKI, Chief Judge, and IKUTA and NGUYEN, Circuit Judges.

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

David Long appeals from the district court's order granting summary judgment in favor of Playboy Enterprises International, Inc. (PEII). We have jurisdiction under 28 U.S.C. § 1291.

The district court did not err by holding that Long must show intentional discrimination in order to bring an action under section 52 of the California Civil Code for violations of sections 51.5 and 51.6 of the California Civil Code. *See Harris v. Capital Growth Investors XIV*, 805 P.2d 873, 891–93 (Cal. 1991). Although the California Supreme Court held that section 52 should be interpreted in a different manner for violations of section 51(f), *see Munson v. Del Taco, Inc.*, 208 P.3d 623, 627–28 (Cal. 2009), the Court's reasons for this exception are not applicable to sections 51.5 and 51.6, because neither the language nor legislative history of these sections provides a basis for concluding that the California Legislature intended to impose strict liability for violations of sections 51.5 and 51.6. Nor can we impute liability to PEII under sections 51.5 and 51.6, because the lessor does not have strict liability under those sections, *see Botosan v. Paul McNally Realty*, 216 F.3d 827, 832–33 (9th Cir. 2000), and there was no employment relationship between PEII and Marcovici, *see Phiffer v. Proud Parrot Motor Hotel, Inc.*, 648 F.2d 548, 552 (9th Cir. 1980).

Long did not raise a genuine issue of material fact that PEII had knowledge of MIX's discriminatory pricing scheme, let alone that PEII had discriminatory intent. Evidence that PEII was involved in setting up and providing logistical support for the party does not by itself give rise to an inference that PEII had knowledge about pricing. Nor does Thomerson's failure to retain promotional materials relevant to the party support an adverse inference against PEII in the absence of any evidence that Thomerson received such materials or that relevant discovery materials were destroyed, not produced "in response to [the] litigation," or otherwise withheld in bad faith. *See Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991). Similarly, arguments attacking a witness's credibility do not create a genuine issue of material fact without supporting evidence. *See, e.g.*, *Robinson v. Adams*, 847 F.2d 1315, 1317 (9th Cir. 1988). Accordingly, the district court did not err in granting summary judgment in PEII's favor.

Nor did the district court err in rejecting Long's request for further discovery in order to authenticate screenshots from web sites showing discriminatory pricing for the party. Long had several months to conduct further discovery between the submission of PEII's motion for summary judgment and hearing in which additional time was requested. Failing to diligently pursue discovery in the past is sufficient reason to deny further discovery. *See Nidds v. Schindler Elevator Corp.*,

3

113 F.3d 912, 921 (9th Cir. 1997). Long also failed to submit an affidavit in support of his request, as required by Federal Rule of Civil Procedure 56(d). Noncompliance with the terms of Rule 56(d) "provides an adequate ground for us to affirm the district court's denial." *State of Cal., ex rel Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998).

**AFFIRMED.**