NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRINA HARRISON, | No. 20-15493 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 3:18-cv-07824-WHA |
| WELLS FARGO BANK; NICHOLAS PACUMIO, Branch Manager, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted July 19, 2021**

Before:    SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Patrina Harrison appeals pro se from the district court's summary judgment

in her action alleging racial discrimination claims under 42 U.S.C. §§ 1981, 1982,

the Equal Credit Opportunity Act ("ECOA"), and the Fair Housing Act ("FHA").

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Harrison's request for oral
argument, set forth in the opening brief, is denied.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Lindsey v. SLT L.A., LLC*, 447 F.3d 1138, 1144 (9th Cir. 2006). We affirm.

The district court properly granted summary judgment because Harrison failed to raise a genuine dispute of material fact as to whether she was qualified for the loan she sought from defendant Wells Fargo or whether Wells Fargo's reason for denying her loan application was pretextual. *See* 15 U.S.C. § 1691(a)(1) (providing that under ECOA it is unlawful "for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . . on the basis of race, color . . . ."); *Sanghvi v. City of Claremont*, 328 F.3d 532, 536 n.3 (9th Cir. 2003) (noting that burden-shifting framework under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), is applicable to FHA and § 1981 claims); *Phiffer v. Proud Parrot Motor Hotel, Inc.*, 648 F.2d 548, 551 (9th Cir. 1980) (plaintiff asserting a § 1981 claim must prove she is qualified for the loan sought).

**AFFIRMED.**