**BOARD OF TRUSTEES OF the WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND, Plaintiff–Appellee,**

v.

**Stanley L. LAFRENZ; Anita Lafrenz, Defendants–Appellants.**

No. 87–3692.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 1987.

Decided Jan. 27, 1988.

Clinton J. Henderson, Clarkston, Wash., for defendants-appellants.

Bruce D. Corker and Christopher J. Biencourt, Perkins Coie, Seattle, Wash., for plaintiff-appellee.

Before ANDERSON, NORRIS and HALL, Circuit Judges.

NORRIS, Circuit Judge:

This case involves the withdrawal liability imputed to the owners of a commonly controlled unincorporated sole proprietorship under the Employee Retirement Income Security Act of 1974 (ERISA), as amended by the Multiemployer Pension Plan Amendments Act of 1980 (MPPAA), 29 U.S.C. § 1001 et seq.

In 1981, Lewiston Pre–Mix Concrete, Inc. (Pre–Mix) withdrew from the Western Conference of Teamsters Pension Plan, a multiemployer plan established under ERISA, incurring "withdrawal liability" in excess of $130,000.[1] In 1986, Pre–Mix declared bankruptcy and, as a result, the Teamsters Pension Plan received only $216.73 of the withdrawal liability. Subsequently, plaintiff-appellee, the Board of Trustees of the Western Conference of Teamsters Pension Trust Fund (Fund), filed this action against defendants-appellants, Stanley and Anita Lafrenz, for the outstanding withdrawal liability. The Lafrenzes own 96% of the outstanding shares of Pre–Mix. In addition to their ownership of Pre–Mix, the Lafrenzes own and lease for profit two Mack dump trucks. The district court

ruled that the Lafrenz truck-leasing operation was a "trade or business" under ERISA and that the truck-leasing operation and Pre–Mix were under the Lafrenzes' common control. The district court thus concluded that the Lafrenzes, as sole owners of the unincorporated truck-leasing operation, were liable for Pre–Mix's withdrawal liability under ERISA, 29 U.S.C. § 1301(b)(1), and granted the Fund's motion for summary judgment. Appellants timely appealed.[2]

Section 1301(b)(1) of ERISA provides that trades and businesses operated under common control are considered a single entity and thus are jointly and severally liable for each other's withdrawal liability.[3] See also Board of Trustees of the Western Conference of Teamsters Pension Trust Fund v. H.F. Johnson, Inc., 830 F.2d 1009, 1013 (9th Cir.1987). "Trades or businesses under common control" has been defined by regulation[4] to include "brother-sister" groups:

> The term "brother-sister group ..." means two or more organizations conducting trades or businesses if (i) the same five or fewer persons who are individuals, estates, or trusts own (directly and with the application of [26 C.F.R.] § 11.414(c)–4), singly or in combination, a controlling interest of each organization, and (ii) taking into account the ownership of each such person only to the extent such ownership is identical with respect to each such organization, such persons are in effective control of each organization.

26 C.F.R. § 11.414(c)–2(c)(1) (emphasis added). The district court found that the Lafrenzes own 96% of Pre–Mix and 100% of the truck-leasing operation and thus own a

---

1. Pre–Mix's withdrawal liability under ERISA, 29 U.S.C. § 1381, was determined in a separate action. Board of Trustees of Western Conference of Teamsters Pension Trust Fund v. Lewiston Pre–Mix Concrete, Inc., No. C84–799D (W.D. Wash. Nov. 15, 1985).

2. We review the district court's grant of summary judgment de novo. United Food and Commercial Workers v. Pacyga, 801 F.2d 1157, 1159 (9th Cir.1986).

3. 29 U.S.C. § 1301(b)(1) provides, in part:
   [A]ll employees of trades or businesses (whether or not incorporated) which are under common control shall be treated as employed by a single employer and all such trades and businesses as a single employer.

4. See 26 C.F.R. 11.414(c)–(1) et seq.

controlling interest in both organizations.[5] On the basis of these facts, the court concluded that Pre–Mix and the truck-leasing operation are members of a brother-sister group and thus are under common control.

■ The Lafrenzes argue that Pre–Mix and the truck-leasing operation are not under common control because Stanley Lafrenz's interest in Pre–Mix was held separately and was not the property of Anita Lafrenz. The Fund responds that whether Anita Lafrenz actually had an ownership interest in Pre–Mix is immaterial. We agree. An interest in an organization is attributed to the owner's spouse to prevent the use of marital property laws to circumvent federal law: "[A]n individual shall be considered to own an interest owned, directly or indirectly, by or for his or her spouse." 26 C.F.R. § 11.414(c)–4(b)(2)(5). Thus, Stanley and Anita Lafrenz are deemed to have identical ownership interests in both Pre–Mix and the truck-leasing operation.

■ The Lafrenzes also argue that the truck-leasing operation is not a "trade or business" under section 1301(b)(1).[6] This argument is meritless. The Lafrenzes own the trucks, arranged for the truck leases and admittedly leased the trucks for profit. That is plainly sufficient to make the truck-leasing operation a "trade or business" under the sweeping language of the statute. The Lafrenzes' arguments to the contrary are to no avail.

■ First, the Lafrenzes argue that because their truck-leasing operation does not employ anyone and because section 1301(b)(1) holds only "employers" accountable for withdrawal liability, their truck-leasing operation is not a trade or business under the statute. This argument is unpersuasive because the statute does not require that a trade or business under common control also have employees. The point of section 1301(b)(1) is simply to prevent the controlling group of a company from avoiding withdrawal liability by shifting corporate assets into other business ventures under its control. *See H.F. Johnson, Inc.*, 830 F.2d at 1013 ("Congress enacted § 1301(b) in order to prevent businesses from shirking their ERISA obligations by fractionalizing operations into many separate entities."); *see also Teamsters Pension Trust Fund v. Allyn Transportation Co.*, 832 F.2d 502, 507 (9th Cir. 1987) (same). It is beyond dispute that the Lafrenzes were employers in their capacity as the controlling owners of Pre–Mix and that they also own and control the truck-leasing operation. Thus, the Lafrenzes' liability as "a single employer" under section 1301(b)(1) does not hinge on whether they independently hired employees as part of their truck-leasing operation, but on whether the truck-leasing operation and Pre–Mix are treated as a single business entity under the statute.

■ Second, the Lafrenzes argue that their truck-leasing operation should not be considered a trade or business because it is a passive investment. This argument fails because the statute does not distinguish between active and passive investments.[7] Two district courts have held that a proprietorship which only leased property to a commonly controlled corporation under a net lease was a trade or business under section 1301(b)(1). *United Food v. Progressive Supermarkets*, 644 F.Supp. 633, 638 (D.N.J.1986); *Pension Benefit Guaranty Corporation v. Center City Motors*, 609 F.Supp. 409, 412 (S.D.Cal.1984). The Lafrenzes argue that *Center City Motors*

---

**5.** The regulations specifically include proprietorships within the definition of "organizations." 26 C.F.R. § 11.414(c)–2(a).

**6.** The common control provisions of ERISA refer to section 414(c) of the Internal Revenue Code. *See* 29 U.S.C. § 1301(b)(1). However, "trade or business" is not clearly defined in either section 414(c) or the regulations promulgated thereunder. Thus, district courts which have considered this issue have engaged in an essentially factual inquiry. *See, e.g., United*

*Food v. Progressive Supermarkets,* 644 F.Supp. 633, 637 (D.N.J.1986) *and Pension Benefit Guaranty Corporation v. Center City Motors, Inc.,* 609 F.Supp. 409, 411 (S.D.Cal.1984).

**7.** We do not hold that every "passive investment" is necessarily a trade or business. We hold only that the facts in this case justify the conclusion that the truck-leasing operation is a trade or business.

and *Progressive Supermarkets* are inapposite because their trucks were not leased to Pre–Mix. However, Anita Lafrenz testified in her deposition that they leased the trucks to Pre–Mix, which in turn leased the trucks to another company. Excerpt of Record, Clerk's Document 10 at 73–75. Moreover, we agree with the district court that section 1301(b)(1) does not require that commonly controlled businesses be economically related. We thus conclude that the Lafrenz truck-leasing operation is a trade or business under section 1301(b)(1).

■ Finally, the Lafrenzes' argument that to hold them personally liable for Pre–Mix's withdrawal liability would inappropriately pierce the corporate veil misses the mark because their liability for the withdrawal liability of Pre–Mix does not derive from their status as shareholders of Pre–Mix. Rather they are liable because of their status as the sole proprietors of an unincorporated trade or business under their common control. We believe that *H.F. Johnson, Inc.* is controlling authority on this point. In *H.F. Johnson, Inc.*, 830 F.2d at 1014–15, we held that joint venturers may be held personally liable for the withdrawal liability incurred by a corporation under their common control. According to *H.F. Johnson, Inc.*, because joint venturers are not shielded from personal liability, they are personally liable when the joint venture is deemed to be a single employer for the purposes of assessing withdrawal liability. *Id.* at 1015. This reasoning applies in the sole proprietorship context as well. Thus, we conclude that the Lafrenzes are personally liable for Pre–Mix's withdrawal liability, not because they are the controlling shareholders in Pre–Mix, but because they are personally liable for the withdrawal liability imputed to their unincorporated truck-leasing operation.

The judgment is AFFIRMED.[8]

---

8. Appellee's request for attorney's fees and costs on appeal under 29 U.S.C. § 1451(e) is denied.