NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARPENTERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES, CARPENTERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>Plaintiffs - Appellees,<br><br>v.<br><br>MARK ALAN LINDQUIST,<br><br>Defendant - Appellant. | No. 11-16943<br><br>D.C. No. 3:10-cv-03386-SC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Samuel Conti, District Judge, Presiding

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Mark Alan Lindquist appeals pro se from the district court's summary

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judgment in an action by his company's pension plan to impose joint and several withdrawal liability against him under the Employee Retirement Income Security Act ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980. We have jurisdiction under 28 U.S.C. § 1291. Fed. R. App. P. 4(a)(2). We review de novo, *Bd. of Trs. of the W. Conference of Teamsters Pension Fund v. Lafrenz*, 837 F.2d 892, 893 n.2 (9th Cir. 1988), and we affirm.

The district court properly granted summary judgment because Lindquist failed to raise a genuine dispute of material fact as to whether he operated a "trade or business" under "common control" by leasing property to the company in which he was the sole shareholder when it withdrew from the pension plan. *See* 29 U.S.C. § 1301(b)(1); *see also Lafrenz*, 837 F.2d at 894-95 (a for-profit truck leasing operation owned by the majority shareholders of an employer withdrawing from a pension plan constituted a "trade or business" under "common control" for purposes of imposing joint and several withdrawal liability under ERISA).

Lindquist's argument that the district court should have applied a different definition of "trade or business" is unpersuasive. *See Comm'r v. Groetzinger*, 480 U.S. 23, 27 n.8 (1987) (confining its statutory construction of the phrase "trade or business" to the tax code provision at issue).

**AFFIRMED.**