**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



**FILED**

MAR 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA VARNEY, Individually and as Personal Representative for the Estate of Donald Varney, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> GOODYEAR TIRE & RUBBER COMPANY; CROSBY VALVE, LLC; JOHN CRANE, INC.; FLOWSERVE US, INC.; WEIR VALVES & CONTROLS USA INC; WARREN PUMPS LLC; INGERSOLL-RAND COMPANY, <br><br> Defendants-Appellees, <br><br> and <br><br> ALFA LAVAL, INC.; ARMSTRONG INTERNATIONAL, INC.; AURORA PUMP COMPANY; BLACKMER PUMP COMPANY; BNS CO.; BW/IP INTERNATIONAL; CARRIER GLOBAL CORPORATION; CBS CORPORATION; CLA-VAL COMPANY; CLARK-RELIANCE CORPORATION; CRANE CO.; CRANE ENVIRONMENTAL, INC.; | No.   19-35859 <br><br> D.C. No. 3:18-cv-05105-RJB <br><br> MEMORANDUM* |

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

CROWN CORK & SEAL COMPANY INC.; DARIGOLD, INC.; ELLIOTT TURBOMACHINERY CO. INC.; FMC CORPORATION; FRYER-KNOWLES, INC.; FRYER-KNOWLES, INC.; GENERAL ELECTRIC COMPANY; THE GORMAN-RUPP COMPANY; GOULDS PUMPS LLC; GRINNELL LLC; HOPEMAN BROTHERS, INC.; IMO INDUSTRIES, INC.; ITT , LLC; MCNALLY INDUSTRIES, INC.; METROPOLITAN LIFE INSURANCE COMPANY; NASH ENGINEERING COMPANY; SB DECKING, INC.; STERLING FLUID SYSTEMS (USA) LLC; SUPERIOR-LIDGERWOOD-MUNDY CORPORATION; TACO, INC.; UNIROYAL HOLDING, INC.; VIKING PUMP, INC.; WM. POWELL COMPANY,

Defendants.

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted February 1, 2021[**]
San Francisco, California

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: SILER,[***] RAWLINSON, and BUMATAY, Circuit Judges.

Appellant Maria Varney appeals the district court's evidentiary ruling that a declaration from her husband, Donald Varney, stating that his mesothelioma was caused by products manufactured by Appellees,[1] was inadmissible as a dying declaration pursuant to Federal Rule of Evidence 804(b)(2). Mrs. Varney contends that the district court erred in holding that the evidence and testimony submitted during an evidentiary hearing did not sufficiently establish that Mr. Varney had personal knowledge of the declaration's contents.

Contrary to Mrs. Varney's assertions, the district court conducted a thorough review of the testimony, depositions, and statements submitted during the evidentiary hearing, and did not abuse its discretion in holding that the evidence did not establish who prepared the declaration, the source of the details concerning the manufacturers' liability and Mr. Varney's exposure to asbestos, that Mr. Varney read the declaration, or that Mr. Varney had personal knowledge of the declaration's contents. *See Clare v. Clare*, 982 F.3d 1199, 1201 (9th Cir. 2020)

---

[***] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

[1] On December 17, 2020, we administratively closed the appeal as to Ingersoll-Rand Company due to its pending bankruptcy proceedings and imposition of the automatic stay.

Based on the parties' stipulation, Air & Liquid Corp. has been voluntarily dismissed from this appeal.

(articulating that "[w]e review evidentiary rulings for an abuse of discretion even when the rulings determine the outcome of a motion for summary judgment") (citation and internal quotation marks omitted); *see also Endy v. Cty. of Los Angeles*, 975 F.3d 757, 763 (9th Cir. 2020) (explaining that "affidavits or declarations supporting [an] opposition [to summary judgment] must be made on personal knowledge") (citation and internal quotation marks omitted).

The district court also properly determined that the testimony did not resolve the discrepancies between Mr. Varney's interrogatories that he "believe[d] [his] attorneys ha[d] information suggesting that [he] was exposed to the defendants' asbestos products," and details subsequently provided in Mr. Varney's declaration that he had personal knowledge of the specific products resulting in his asbestos exposure. As a result, Mrs. Varney fails to sufficiently establish that the district court clearly erred in its factual findings in support of its ruling that Mr. Varney's declaration was inadmissible as a dying declaration. *See In re Nat'l Collegiate Athletic Ass'n Grant-In-Aid Cap Antitrust Litig.*, 958 F.3d 1239, 1252-53 (9th Cir. 2020) (explaining that "[u]nder clear error review, we must accept the district court's findings of fact unless we are left with the definite and firm conviction that a mistake has been committed") (citations and internal quotation

4

marks omitted).[2]  Beyond her evidentiary challenge, Mrs. Varney does not otherwise appeal the district court's entry of summary judgment in favor of Appellees because, without Mr. Varney's declaration, she was unable to demonstrate the requisite causation in support of her claims.

**AFFIRMED.**

---

[2] The district court's factual findings also support its ruling that the declaration was not admissible under Federal Rule of Evidence 807(a).  *See* Fed. R. Evid. 807(a)(1) (excluding statement from hearsay rule if "the statement is supported by sufficient guarantees of trustworthiness –after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement"); *see also United States v. $11,500.00 in U.S. Currency*, 710 F.3d 1006, 1014 n.3 (9th Cir. 2013) (explaining that "a statement qualifying under the residual exception [provided in Fed. R. Evid. 807(a)(1)] must have equivalent circumstantial guarantees of trustworthiness") (citation and internal quotation marks omitted).