NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 15 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GWITCHYAA ZHEE CORPORATION;
GWICHYAA ZHEE GWICH'IN TRIBAL
GOVERNMENT,

Plaintiffs-Appellees,

v.

CLARENCE ALEXANDER; DEMETRIE
ALEXANDER, (Dacho),

Defendants-third-party-
plaintiffs-Appellants,

v.

DAVID BERNHARDT, Secretary of the In-
terior, in his official capacity,

Third-party-defendant-
Appellee.

No.   21-35048

D.C. No. 4:18-cv-00016-HRH

MEMORANDUM*

Appeal from the United States District Court
for the District of Alaska
H. Russel Holland, District Judge, Presiding

Submitted December 10, 2021**

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Seattle, Washington

Before: McKEOWN, MILLER, and BADE, Circuit Judges.

Clarence and Demetrie Alexander appeal the district court's judgment that Gwitchyaa Zhee Corporation ("GZ") was entitled to immediate and exclusive possession of the three parcels of land adjacent to Tract 19 of Plat 2014-78, Fairbanks Recording District, near Ft. Yukon, Alaska. The parties are familiar with the relevant facts, so we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's order granting summary judgment, *Momox-Caselis v. Donohue*, 987 F.3d 835, 840 (9th Cir. 2021), and its evidentiary rulings for abuse of discretion, *Clare v. Clare*, 982 F.3d 1199, 1201 (9th Cir. 2020). We affirm.

The district court properly granted summary judgment to GZ on the Alexanders' claims under § 14(c) of the Alaska Native Claims Settlement Act, 43 U.S.C. § 1613(c)(1). The posting requirement at 43 C.F.R. § 2650.5-4(c)(1) did not require GZ to post the boundaries of § 14(c) claims before submitting a map of boundaries to the Bureau of Land Management. In any event, the Alexanders' claim was barred by the one-year statute of limitations in 43 U.S.C. § 1632(b). Even if the period were tolled because the 2008 notice was inadequate, the limitations period has still expired. In 2011, the Alexanders and their attorney met with the Cadastral Survey Manager and the president of the Tanana Chiefs Conference to discuss Clarence's

§ 14(c) claim—thus showing that they were on actual notice that Clarence's § 14(c) claim did not include all the land that he thought it should. The law of the case doctrine did not require the district court to reach a contrary result. *See Askins v. U.S. Dept. of Homeland Sec.*, 899 F.3d 1035, 1042 (9th Cir. 2018) ("The law of the case doctrine does not preclude a court from reassessing its own legal rulings in the same case.").

We also affirm the district court's determination that the Alexanders' adverse possession claim failed as a matter of law. This conclusion did not violate the Alexanders' right to a jury trial, because there were no remaining triable issues of fact. *See Sengupta v. Morrison–Knudsen Co.*, 804 F.2d 1072, 1077 n.3 (9th Cir. 1986) ("The Constitution only requires that bona fide fact questions be submitted to a jury."). Assuming without deciding that the Alexanders could ever take title to the land in question by adverse possession, the district court correctly concluded that the Alexanders' claim for adverse possession would fail on the hostility prong, since Clarence affirmatively recognized GZ's superior title to the land by filing a § 14(c) claim. *See Nome 2000 v. Fagerstrom*, 799 P.2d 304, 310 (Alaska 1990); *Tenala, Ltd. v. Fowler*, 921 P.2d 1114, 1120 (Alaska 1996).

We do not address the Alexanders' argument that Plat 2014-78 does not meet the definition of a subdivision plat under Alaska law. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported

by argument are deemed abandoned.").  In any event, because the Alexanders intro-duced Plat 2014-78 as evidence in the district court, they "cannot complain on appeal that the evidence was erroneously admitted."  *See Ohler v. United States*, 529 U.S. 753, 755 (2000).

Because the district court's rulings on the merits were not erroneous, neither was its decision to grant fees to GZ as the prevailing party.

**AFFIRMED.**