NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 2 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHEMEON SURFACE TECHNOLOGY
LLC, a Nevada Limited Liability Company,

Plaintiff-Appellant,

v.

METALAST INTERNATIONAL, INC.; et
al.,

Defendants-Appellees,

DEAN MEILING; MADYLON MEILING,

Defendants-counter-
claimants-Appellants,

and

MARC HARRIS; MHA GROUP,

Defendants.

No.    21-15561

D.C. No. 3:15-cv-00294-CLB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Carla Baldwin, Magistrate Judge, Presiding

Argued and Submitted May 11, 2022
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before: W. FLETCHER and BUMATAY, Circuit Judges, and KANE,** District Judge.

Chemeon Surface Technology LLC ("Chemeon") raises numerous claims on appeal from the district court's judgment in favor of Defendants-Appellees (David Semas).[1] We have jurisdiction under 28 U.S.C. § 1291 and we affirm in part and vacate and remand in part.

1. We affirm the district court's judgment in favor of the breach of contract counterclaim. We review the district court's interpretation of the contract de novo. *Rittman v. Amazon.com, Inc.*, 971 F.3d 904, 909 (9th Cir. 2020). The Settlement Agreement between the parties prohibited Chemeon from using "the name Metalast in any fashion or manner whatsoever." The district court found that Chemeon's use of "formerly Metalast" on purchase orders, invoices, advertising materials, and on technical and safety data sheets violated the Agreement. The district court properly applied the terms of the Agreement, which clearly provides that Chemeon may not use the name "Metalast" in any "manner whatsoever."[2] Thus, by using "formerly

---

** The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

[1] Because both parties refer to Defendants-Appellees as "David Semas" in their briefing, we do so as well.

[2] We reject Chemeon's argument that the district court was bound under the law of the case doctrine. The district court was not bound by a prior analysis of the Agreement because it retained the discretion to interpret the Agreement in reaching judgment on Semas's counterclaim. *See City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001) (explaining that the law of the case

Metalast" in its commercial documents, Chemeon breached the express terms of the Agreement.[3] We therefore affirm the district court's grant of judgment on Semas's breach of contract counterclaim.[4]

2. The district court did not abuse its discretion in excluding Chemeon's affirmative defense evidence. *See Clare v. Clare*, 982 F.3d 1199, 1201 (9th Cir. 2020). Chemeon argues that its evidence with respect to fair use, unclean hands, and fraudulent acquisition of the disputed trademarks were all improperly excluded by the district court. But importantly, Chemeon's evidence supported affirmative defenses for a *trademark* action, not the *breach of contract* claim at issue. Thus, the district court did not err in excluding Chemeon's trademark evidence.

Chemeon's remaining argument is that the district court abused its discretion by excluding the introduction of an Occupational Safety and Health Administration ("OSHA") litigation brief which allegedly shows that former business names can be required in safety sheets. But the brief was not properly offered into evidence. Additionally, Chemeon failed to establish that the OSHA brief even represented the

---

doctrine "is discretionary, not mandatory and is in no way a limit on a court's power" (simplified)).

[3] Even under the analysis of *Kassbaum v. Steppenwolf Productions, Inc.*, 236 F.3d 487 (9th Cir. 2000), the district court properly held that Chemeon exceeded the scope of any implied use by using "Metalast" in multiple commercial documents—going well beyond a mere historical reference. *See id.* at 492.

[4] Given that we affirm the grant of judgment on the breach of contract counterclaim, we also affirm the district court's injunction preventing Chemeon from using the name "Metalast" in commerce.

agency's official interpretation of its safety requirements. Thus, the district court did not abuse its discretion in excluding the brief.

3. We affirm the district court's denial of judgment on Chemeon's trademark infringement claims. To determine whether Chemeon's product marks are distinctive and thus protectable, we "consider whether the mark owner has engaged in a constant pattern or effort to use the product mark in a manner separate and distinct from the house mark." *Quiksilver, Inc. v. Kymsta Corp.*, 466 F.3d 749, 757 (9th Cir. 2006) (simplified). Here, the district court found that the terms "TCP-HF" and "AA-200" were never used to sell products without the preceding name "Metalast." Chemeon fails to show that the district court's factual finding is clearly erroneous. As a result, because Chemeon did not sell its products using "TCP-HF" or "AA-200" and did not otherwise engage in a "pattern" of distinctive usage, the district court properly denied judgment on Chemeon's trademark infringement claims.

4. The district court did not abuse its discretion in denying Chemeon's claim for attorney fees under the Lanham Act. *See SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (en banc) (per curiam). The district court properly analyzed Chemeon's attorney fees claim under the totality of the circumstances approach set out in *Octane Fitness, LLC v. ICON Health & Fitness*, 572 U.S. 545, 554 (2014). In doing so, the district court specifically looked to

4

Semas's conduct and found that the voluntarily dismissed claims were neither frivolous nor otherwise exceptional. Chemeon cannot point to any evidence compelling an award of attorney fees and so the district court did not abuse its discretion in denying fees.

5. The district court erred at summary judgment by dismissing Chemeon's trademark cancellation claim solely on the fact that Chemeon did not have an interest in its "own mark." In reaching its decision, the district court cited *Star-Kist Foods, Inc. v. P.J. Rhodes & Co.*, 735 F.2d 346 (9th Cir. 1984). The district court reasoned that *Star-Kist* requires a trademark cancellation petitioner to have an interest in his "own mark" to establish standing. Assuming *Star-Kist* applies here,[5] that case did not create a bright-line rule that a trademark cancellation petitioner *must* have an interest in his "own mark" to establish standing. Rather, *Star-Kist* explained that the standing analysis turns on whether "the cancellation petitioner [can] plead and prove facts showing a 'real interest' in the proceeding in order to establish standing." *Id.* at 349 (simplified). And the *Star-Kist* court made clear that the "[i]nterest assertions will vary with the facts surrounding each cancellation dispute" thus requiring a "case-by-case" analysis. *Id.* On remand, the district court must determine whether Chemeon's other asserted interests are sufficient to pursue a trademark cancellation

---

[5] We note that the Supreme Court's decision in *Lexmark International, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014), arguably provides the proper basis for analyzing this trademark cancellation claim.

claim.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**