NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 26 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MONICA BARNETT, | No. 22-55550 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-04896-ODW-JEM |
| v. | |
| COSTCO WHOLESALE CORPORATION, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted August 24, 2023**
Pasadena, California

Before: RAWLINSON and BRESS, Circuit Judges, and ZOUHARY,***

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

Monica Barnett, a Costco employee for nearly three decades, suffered a workplace injury in November 2017, eventually leading to her resignation in August 2019. She now appeals the district court order granting Costco summary judgment and dismissing her seven discrimination claims brought under the California Fair Employment and Housing Act ("FEHA").

We review de novo a district court order granting summary judgment. *Lowry v. City of San Diego*, 858 F.3d 1248, 1254 (9th Cir. 2017) (en banc). Summary judgment evidentiary issues and district court enforcement of briefing protocols are reviewed for abuse of discretion. *See Clare v. Clare*, 982 F.3d 1199, 1201 (9th Cir. 2020); *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. The district court did not abuse its discretion by excluding Barnett's Federal Civil Rule 30(e) deposition changes and her "Statement of Genuine Disputes and Additional Undisputed Facts" for violating the district court's case management order. First, Barnett's proposed deposition changes greatly exceed the scope allowed under Rule 30(e) and the district court properly declined to consider them. *See Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1225 (9th Cir. 2005) (noting that "[t]he Rule cannot be interpreted to allow one to alter what was said under oath . . . [a] deposition is not a take home examination") (citation omitted). Second, the district court acted well within its discretion in excluding

Barnett's filing, which failed to comply with the case-management order. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) ("It is well established that district courts have inherent power to control their docket.") (cleaned up).

2. The district court properly found Barnett failed to establish an adverse employment action. Under California law, failure to accommodate or engage cannot constitute an adverse employment action. *See Doe v. Dep't of Corrs. & Rehab.*, 43 Cal. App. 5th 721, 736 (2019) ("[A] failure to reasonably accommodate an employee's disability—which is a separate cause of action under FEHA []—can[not] qualify as the adverse action underlying a discrimination or retaliation claim."). And, in any event,[1] Barnett still falls short because, as explained below, Costco provided reasonable accommodations.

Likewise, Barnett cannot show constructive discharge qualifying as an adverse employment action. She worked only seven shifts as an optical assistant— a position that all parties agree accommodated her medical restrictions. She opted to resign because the job was "tedious and difficult" and "she didn't understand it." These reasons are insufficient to show objectively intolerable conditions necessary

---

[1] Barnett's Motion To Take Judicial Notice (Dkt. 11) is granted. However, these publicly available forms from the California Department of Fair Employment and Housing do not change the outcome in this case. These intake forms are designed to gather information from lay employees; they are not agency guidance with supporting legal analysis.

to support her claim of constructive discharge under California law. *See Gibson v. Aro Corp.*, 32 Cal. App. 4th 1628, 1637 (1995) (holding that working conditions must be "so intolerable or aggravated at the time of the employee's resignation that . . . a reasonable person in the employee's position would be compelled to resign") (citation omitted).

Because Barnett failed to demonstrate an underlying adverse employment action, the district court properly dismissed her claims for discrimination, retaliation, failure to prevent discrimination and retaliation, and wrongful termination.

3. The district court did not err in finding Barnett failed to establish her claims that Costco refused to accommodate her work restrictions or engage in the interactive process. Barnett claims Costco refused to engage in good faith, "forced" her to remain on medical leave, and required her to be "100% healed" before returning to work. These assertions are unsupported by the record. The undisputed record demonstrates that Costco held three job assessment meetings, sent Barnett 134 available positions over more than eight months, and placed Barnett in an optical-assistant position that accommodated her limitations. *See Raine v. City of Burbank*, 135 Cal. App. 4th 1215, 1224 (2006) (noting that "California law is emphatic that an employer has no affirmative duty to create a new position to accommodate a disabled employee").

4

4. Because the district court properly dismissed each of Barnett's substantive claims, the derivative claims for declaratory judgment and punitive damages fail as well.

**AFFIRMED.**