NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 24 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| C.R., an individual, by and through his next friend Tracey Joffe, | No.    23-55596 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-03275-ODW-JEM |
| v. | |
| PLB MANAGEMENT, LLC, DBA Park La Brea Management; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted October 22, 2024
Submission Vacated October 23, 2024
Re-Submitted February 21, 2025
Pasadena, California

Before:  TALLMAN, R. NELSON, and BRESS, Circuit Judges.

Plaintiff-Appellant C.R. has severe Autism Spectrum Disorder and lives in

Los Angeles with his mother, Tracey Joffe.  Their apartment complex is managed

by Defendant-Appellee PLB Management, LLC ("PLB").  This case arose after PLB

---

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

refused Joffe's request to reserve the parking space directly in front of her apartment for her exclusive use to accommodate C.R.'s disability-related needs. C.R., by and through Joffe, sued PLB for violating various provisions of the Fair Housing Act (FHA) and its California corollary, the California Disabled Persons Act. *See* 42 U.S.C. § 3601 *et seq.*; Cal. Civ. Code § 54 *et seq.* Following a jury trial, C.R. appeals a variety of issues arising from the District Court's grant of judgment as a matter of law to PLB and its conditional grant of a new trial. We have jurisdiction under 28 U.S.C. § 1291. We review the grant of judgment of a matter of law de novo. *Dees v. Cnty. of San Diego*, 960 F.3d 1145, 1151 (9th Cir. 2020). We review the conditional grant of a new trial for abuse of discretion. *Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F.3d 1222, 1229 (9th Cir. 2001).

We reverse the District Court's grant of judgment as a matter of law for PLB, affirm the District Court's conditional grant of a new trial and remand for retrial, affirm the District Court's evidentiary rulings to guide the new trial, and decline to assign the case to a different district judge.

1. The District Court erred in overturning the jury's verdict and holding as a matter of law that PLB offered C.R. a reasonable alternative accommodation.[1] *See Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002); Fed. R. Civ. P. 50(b). The jury's

---

[1] We address C.R.'s claims on an element-by-element basis, as to both judgment as a matter of law and the conditional grant of a new trial.

2

verdict that a reserved parking space further away from C.R.'s apartment was not a reasonable alternative to his requested accommodation was supported by substantial evidence. *See E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009); *Harper v. City of Los Angeles*, 533 F.3d 1010, 1021 (9th Cir. 2008). The jury heard testimony from Joffe and C.R.'s doctor, Dr. Curcio, regarding the necessity of C.R.'s requested accommodation—the parking spot directly in front of his home. This evidence was sufficient to support the jury's verdict as a matter of law. *See Harper*, 533 F.3d at 1021.

However, the District Court did not abuse its discretion in granting a conditional new trial on whether PLB offered C.R. a reasonable alternative to his requested accommodation. *See Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980) ("The authority to grant a new trial . . . is confided almost entirely to the exercise of discretion on the part of the trial court."); Fed. R. Civ. P. 59(a). The District Court was allowed to weigh the evidence and make credibility determinations in that analysis and need not "view the trial evidence in the light most favorable to the verdict." *Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd.*, 762 F.3d 829, 842 (9th Cir. 2014). So, it did not abuse its discretion by crediting the testimony of PLB's expert, Dr. Kambam, over the testimony of Joffe or Dr. Curcio.

2. The District Court erred in overturning the jury's verdict and finding as a matter of law that the record lacked "any legally sufficient evidence that could

support the jury's verdict that PLB caused C.R. any harm." *See Pavao*, 307 F.3d at 918. Sufficient evidence was presented to the jury through Joffe's testimony about C.R.'s behaviors which allowed it to infer both that C.R. was experiencing emotional distress and that PLB was the cause of this emotional distress. Because he is nonverbal, C.R. could not testify on his own behalf. As his caretaker, his mother was competent to testify as to his behavior, especially when C.R. was in crisis. While personal testimony is often used to prove causation in discrimination cases, causation can also "be inferred from the surrounding circumstances." *Phiffer v. Proud Parrot Motor Hotel, Inc.*, 648 F.2d 548, 552–53 (9th Cir. 1980); *see also Johnson v. Hale*, 13 F.3d 1351, 1352 (9th Cir. 1994). That was the case here.

However, once again, the District Court did not abuse its discretion by ordering a new trial on causation. *See Allied Chem. Corp.*, 449 U.S. at 36. Joffe and Dr. Curcio testified that C.R.'s dysregulation (i.e., crisis episodes) is unpredictable. Dr. Curcio testified that he was unaware of any specific harm PLB caused C.R. that may have triggered these episodes by not giving him his requested accommodation. And Dr. Kambam opined that C.R.'s self-regulation improved after Joffe initially requested the parking space. The District Court did not abuse its discretion by crediting this testimony more than testimony indicating that PLB caused C.R. emotional distress by not giving him his requested accommodation.

3. The District Court erred in granting PLB judgment as a matter of law on

4

the issue of emotional distress damages and vacating the jury's award of $250,000 in emotional distress damages to C.R. *See Pavao*, 307 F.3d at 918. Emotional distress damages are available under the FHA and we do not require quantifying evidence for emotional distress damages in discrimination cases. *See Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1040–41 (9th Cir. 2003).

C.R.'s counsel's improper admonition in closing arguments to "hold PLB accountable" was an insufficient reason for the District Court to grant judgment as a matter of law to PLB. *See Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1193 (9th Cir. 2002). The jury was specifically instructed that closing arguments were not evidence and counsel's beliefs on what they believed the evidence warranted were confined to closing arguments. *See Cooper v. Firestone Tire & Rubber Co.*, 945 F.2d 1103, 1107 (9th Cir. 1991).

But the District Court did not abuse its discretion in conditionally ordering a new trial on the issue of emotional distress damages. Joffe testified that she could often park in front of her unit, but the jury was encouraged by C.R.'s counsel to "pick a number" and "multiply it" leading to the inference that the jury should award damages for "every single day that goes by." This, along with C.R.'s counsel encouraging the jury to punish PLB, show that the District Court did not abuse its discretion in awarding a conditional new trial on damages because it found that the jury's emotional distress damages award was "the product of speculation, error, and

5

disregard of the Court's instructions." *Experience Hendrix*, 762 F.3d at 846.

4. The District Court did not abuse its discretion in conditionally granting a new trial on the issue of modification. *See Allied Chem. Corp.*, 449 U.S. at 36. The District Court gave reasonable grounds for granting a new trial as ample evidence supported the conclusion that Joffe requested an official ADA-compliant handicapped parking spot, which both parties concede is a modification, especially after the District Court discredited Joffe's testimony. *See Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 819 (9th Cir. 2001). It was within the District Court's purview to find that Joffe's testimony at trial that she was not requesting an ADA-compliant parking spot was not credible due to her written requests made repeatedly over a period of ten years requesting a handicapped parking spot. *See Morris v. W. Hayden Ests. First Addition Homeowners Ass'n, Inc.*, 104 F.4th 1128, 1151–52 (9th Cir. 2024).

5. Although we are remanding for a new trial, in the interest of providing guidance to the District Court and the parties, we address C.R.'s evidentiary challenges from the first trial on review. The District Court did not abuse its discretion by not allowing Joffe to testify as to C.R.'s emotional state. *See Clare v. Clare*, 982 F.3d 1199, 1201 (9th Cir. 2020). The District Court correctly applied Federal Rule of Evidence 602 and Federal Rule of Evidence 701 in limiting Joffe's testimony to her own observations of C.R.'s behaviors.

The District Court also did not abuse its discretion by limiting the number of C.R.'s doctors who could testify as experts. *See Clare*, 982 F.3d at 1201. The District Court found that having multiple doctors testify as to C.R.'s autism diagnosis would be repetitive and thus excluded their testimony, comporting with Federal Rule of Evidence 403. C.R. did not identify any information that the excluded medical experts would have been able to provide that Dr. Curcio was not able to provide through his testimony.

6. We deny C.R.'s request to assign his case to a different judge upon remand. C.R. does not meet any of our criteria for judicial reassignment. *See Myers v. United States*, 652 F.3d 1021, 1037 (9th Cir. 2011).

In summary we reverse the District Court's grant of judgment as a matter of law to PLB but uphold the District Court's ruling on the conditional grant of a new trial. We find no error in the District Court's evidentiary rulings and we decline to assign future proceedings in this case to another district judge. The case is therefore remanded for a new trial.

Costs are awarded to Plaintiff-Appellant C.R.

**REVERSED AND REMANDED.**