**FILED**

SEP 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PENSION PLAN FOR PENSION TRUST FUND FOR OPERATING ENGINEERS; et al., <br><br>         Plaintiffs - Appellants, <br><br>  v. <br><br> STEVEN PLANT, personal representative and executor of the estate of Eleanor Dorothy Plant, <br><br>         Defendant - Appellee. | No. 24-1499 <br><br> D.C. No. <br> 3:21-cv-06766-MMC <br> Northern District of California, <br> San Francisco <br><br> ORDER |

Before: BERZON, FRIEDLAND, and MENDOZA, Circuit Judges.

The Memorandum Disposition filed on July 11, 2025, is amended and the amended Memorandum Disposition is filed concurrently with this order. With this order, the panel unanimously votes to deny the petition for panel rehearing. The petition for rehearing is **DENIED**. No further petition for rehearing may be filed.

PENSION PLAN FOR PENSION TRUST
FUND FOR OPERATING ENGINEERS;
JAMES E. MURRAY; DAN REDING,

      Plaintiffs - Appellants,

  v.

STEVEN PLANT, personal representative
and executor of the estate of Eleanor
Dorothy Plant,

      Defendant - Appellee.

No. 24-1499

D.C. No.
3:21-cv-06766-MMC

AMENDED MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Argued and Submitted May 21, 2025
San Francisco, California

Before: BERZON, FRIEDLAND, and MENDOZA, Circuit Judges.

    Plaintiffs Pension Plan for Pension Trust Fund for Operating Engineers, et

al., appeal the district court's grant of summary judgment to Defendant Eleanor

Plant on Plaintiffs' claim for withdrawal liability under the Employee Retirement

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1383(a). We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand for further proceedings consistent with this decision.

1. We review the district court's decision to grant summary judgment de novo. *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1259 (9th Cir. 2021). We must determine, viewing the evidence in the light most favorable to the nonmoving party—here, Plaintiffs—"whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Soc. Techs. LLC v. Apple Inc.*, 4 F.4th 811, 816 (9th Cir. 2021) (quoting *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 602 (9th Cir. 2005)).

ERISA allows multiemployer pension plans to recover withdrawal liability not only from a withdrawing employer but also from members of that employer's "controlled group." *Teamsters Pension Tr. Fund-Bd. of Trs. of W. Conf. v. Allyn Transp. Co.*, 832 F.2d 502, 506 (9th Cir. 1987); 29 U.S.C. § 1301(b). If, at the time of the employer's withdrawal, the same five or fewer people owned a controlling interest of at least eighty percent of the employer, then those owners are part of the "controlled group" and are jointly and severally liable for the employer's withdrawal liability. *See* 26 C.F.R. § 1.414(c)-2(c)(1); *see also Bd. of Trs. of W. Conf. of Teamsters Pension Tr. Fund v. Lafrenz*, 837 F.2d 892, 893 (9th

Cir. 1988).

Here, the letter that Deborah Plant submitted to the district court, Dist. Ct. Dkt. No. 38, and that Plaintiffs cited in their memo in opposition to summary judgment, created a triable issue as to whether Eleanor Plant and her husband together owned at least eighty percent of Kino Aggregates Inc. ("Kino") when Kino withdrew from the pension plan. Deborah stated that Eleanor and her husband owned 100 percent of Kino and never issued Kino stock. That letter created a factual dispute as to whether the Kino stock that was allegedly promised to Deborah and Candelario Vargas was ever issued to them. It could lead a reasonable juror to conclude that Eleanor and her husband owned the entirety of Kino at the time of its withdrawal from the pension plan.

That Deborah's letter was unsworn does not disqualify it from consideration for purposes of summary judgment—what matters is whether the contents of the statement could be presented in an admissible form at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036–37 (9th Cir. 2003) (holding that the unsworn contents of a declarant's diary could be relied upon in a summary judgment proceeding because the contents of the diary could be admissible at trial even though the diary itself was not admissible). Deborah indicated that she would be available to testify at trial if necessary. Although the letter served as Deborah's Answer, that does not disqualify it from consideration. As a general matter, a party may not rely on

allegations in her own unverified pleadings to defeat summary judgment. *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004). That rule prohibits reliance on a party's own pleadings, but it has not been extended to the pleadings of an opposing party. *See Butler v. San Diego Dist. Att'y's Off.*, 370 F.3d 956, 963 (9th Cir. 2004) (requiring that a plaintiff "go beyond *his or her* pleadings" (emphasis added)).

Because Deborah was an opposing party in the present case, and because her letter was simultaneously her Answer and a personal statement outlining factual assertions unrelated to her response to the allegations contained in the Complaint, Deborah's letter is more analogous to the diary in *Fraser* than the unverified pleadings discussed in *Jones*. As such, its contents may be considered to the extent they are based on personal knowledge and could be admissible at trial. Here, those requirements appear satisfied because of Deborah's personal involvement in and knowledge of her family's business, but the district court may consider later evidentiary objections as appropriate.

2. "We review evidentiary rulings for an abuse of discretion." *Clare v. Clare*, 982 F.3d 1199, 1201 (9th Cir. 2020). Even if the admissibility of the 2008–2015 Kino tax return documents, which were prepared by Kino's accountant, Norman Newell, presented a legal question subject to de novo review, the district court properly determined on the present record that the documents were not

admissible against Eleanor. Plaintiffs argued that the tax documents were admissible under the hearsay exemption for out-of-court statements made by a party-opponent's agent, Fed. R. Evid. 801(d)(2)(D), and they cited evidence that "Kino Aggregates authorized Norman Newell as its accountant to prepare and file its tax returns." But Plaintiffs did not establish that Newell was Eleanor's agent. Newell's agency relationship with Kino does not establish that Newell was an agent of Eleanor. *See, e.g.*, Restatement (Third) of Agency § 1.04 cmt. i (2006) ("A superior coagent's right to direct a subordinate coagent does not itself create a relationship of agency between them."). And Plaintiffs did not present enough other evidence to show that Newell was simultaneously working as Eleanor's agent. On remand, however, the district court may reconsider the admissibility of the tax documents if any new relevant information about their admissibility comes to light.

**REVERSED** and **REMANDED**.